Leonard J. BJORGO, Executor of the Estate of Edith Bjorgo, Deceased, Plaintiff-Appellant,

v.

Diet J. WEERDEN, Defendant-Appellee. No. 14707.

United States Court of Appeals Seventh Circuit.

March 5, 1965.

Lowell H. Jacobson, James A. Brandvik, Chicago, Ill., Westbrook, Jacobson & Brandvik, Chicago, Ill., of counsel, for plaintiff-appellant.

D. Kendall Griffith, John M. Moelmann, Chicago, Ill., for defendant-appellee.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

This suit was brought by plaintiff as the executor of the estate of his deceased wife. The named defendant was a National of The Netherlands who resides in and is a citizen of that country.

The suit is an action for damages resulting from an automobile collision which occurred on July 30, 1963, in the State of Nebraska. The complaint was filed in the United States District Court for the Northern District of Illinois, Eastern Division. The summons herein was served on the Secretary of State for the State of Nebraska.

The complaint alleged plaintiff was a resident of Park Ridge, Cook County, Illinois, and that he was appointed executor of the estate of Edith Bjorgo by the Probate Court of Cook County, Illinois.

Defendant filed a motion asking that the service of summons be quashed, alleging the service of process was insufficient in that it was not made within the territorial limits of the State of Illinois. This motion was argued before the Court on February 20, 1964. Plaintiff's counsel stated "I will not at this stage contest any further their motion to quash the service of the process at this stage." The Court entered a minute order stating "By agreement order service of summons quashed." At the same time, it was ordered that the cause be continued to March 23, 1964 for a report on status.

On March 10, 1964, defendant filed "an amended motion to quash." This motion stated counsel was "appearing specially for the purpose of quashing the service of process and dismissing plaintiff's complaint," pursuant to Rule 12(b). The trial court then set a schedule for the filing of briefs.

On March 23, 1964, plaintiff filed a reply to defendant's motion to amend and dismiss, and requested the Court to enter an order that defendant had submitted herself to the jurisdiction of the Court.

On March 25, 1964, defendant filed an answer alleging defendant had not submitted to the jurisdiction of the Court and alleged that defendant's original motion to quash service was unresolved by the Court on the date when the additional motion to quash was filed; that the minute order indicating that service of summons was quashed on February 20, 1964, incorrectly reflected the status of the record; that the docket entry and minute order were not known to the defendant and that what defendant's counsel attempted to do was to amend the motion to quash which counsel believed to be still pending before the Court.

On April 6, 1964, the amended motion, answer and reply came on for hearing before the District Judge. There was an extended colloquy between the Court and counsel. The Court stated: "The problem, of course, is that you say that by appearing to quash the service, defendant has waived the jurisdictional question. I don't think that follows at all. But if it does, I will vacate the previous order quashing service and let the defendant appear specially here to challenge the jurisdiction or on my own motion I will dismiss the case for want of jurisdiction * * *" Later, the District Judge said: "Yes. I vacate the previous order quashing, and I grant the motion today to quash and dismiss." Thereafter, and on April 6, 1964, the following order was entered:

"On the Court's own motion it is

"Ordered that the order entered on February 20, 1964, quashing service of summons herein be and it hereby is vacated and set aside.

"It Is Further Ordered that the amended motion of the defendant to quash service of summons and to dismiss this suit is granted, and that this cause be and it hereby is dismissed for want of prosecution."[1]

It is apparent there was considerable confusion about the first order entered on February 20, 1964. This order purported to quash the service of the summons and unless there were some other service on defendant which was valid, that would be the end of the case. Yet, the order also provided that the cause be continued to March 23, 1964.

When the confused situation came to the attention of the District Judge, he vacated the former order so as to get a fresh start. The amended motion again asked that the service of the summons be quashed and also, that the cause be dismissed. This latter provision was advisable so as to clear the Judge's docket if the service of process were ordered quashed.

 In the amended motion, the defendant did not ask the Court to take any affirmative action which was inconsistent with her position that she was not properly served with process. In fact, the motion stated defendant was "appearing specially for the sole purpose * * *." Although the distinction between a special and a general appearance no longer prevails under Federal Rules, the statement in the amended motion does emphasize that defendant was attempting to avoid submitting herself to the jurisdiction of the Court.

Under the circumstances of this case, we do not think that defendant did submit to the jurisdiction of the District Court for the Northern District of Illinois, Eastern Division. We also are of the view that the trial court properly exercised its discretion by vacating the confusing order of February 20, 1964.

Finding no error in the order of the District Court quashing service and dismissing the case, that order is

Affirmed.

---

1. It is apparent that the Court intended to use the word "jurisdiction" instead of "prosecution."