Viola McGARR, Plaintiff,

v.

Andrew O. HAYFORD, Defendant.

Civ. No. 70-33.

United States District Court,
S. D. California.

May 12, 1971.

---

William O. Dougherty, Hunter, Dougherty & Renshaw, San Diego, Cal., for plaintiff.

Christine V. Pate, Higgs, Jennings, Fletcher & Mack, La Mesa, Cal., for defendant.

## MEMORANDUM DECISION AND ORDER

THOMPSON, District Judge.

This matter came on for hearing upon defendant's motion to dismiss the complaint and plaintiff's motion for leave to amend the complaint. At the conclusion of the hearing the matter was submitted to the court for decision.

## FACTS

This complaint was originally filed on February 5, 1970, by the plaintiff acting

*in propria persona.* Plaintiff was seeking money damages for legal malpractice against Robert H. Parker, an attorney licensed by and a citizen of the State of California, and Andrew O. Hayford, an attorney licensed by and a citizen of the State of Minnesota. Jurisdiction was premised on "diversity of citizenship of the defendants."

In April of 1970, defendant Hayford, also appearing *in propria persona*, filed a document labeled "Special Appearance and Answer." Defendant Parker, represented by counsel, filed a separate answer. On June 10, 1970, Parker filed a motion to dismiss for lack of subject matter jurisdiction on the basis of lack of diversity of citizenship. On August 28, 1970, Hayford, represented now by counsel, filed a motion to dismiss on essentially the same grounds.

Following several abortive attempts to proceed with these motions and render a decision thereon, and after plaintiff had retained counsel to represent her, the motions came on for hearing on March 25, 1971. At that time, plaintiff's counsel acknowledged a defect in the pleadings and moved to dismiss as against defendant Parker in an attempt to cure that defect, and further, asked leave of the court to amend the complaint. Plaintiff's motion to dismiss was granted, and she was given ten days to file a written motion for leave to amend the complaint.

Counsel for defendant Hayford, however, contended that the complaint should be dismissed as against Hayford as well, arguing that Parker was an indispensable party to the action, and further, that the motion to dismiss should be granted because of lack of personal jurisdiction over Hayford and because of improper venue. A continuance was granted until April 15, 1971, for a hearing on the "indispensable party" contention. In the interim, both parties filed memoranda of points and authorities; additionally, plaintiff filed a motion for leave to amend the complaint, and de-fendant Hayford filed a written motion to dismiss for lack of personal jurisdiction and improper venue.

## PERSONAL JURISDICTION

Under Rule 12(g), F.R.Civ.P., "[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted * * *."

Rule 12(h) (1) provides: "A defense of lack of jurisdiction over the person * * * is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is [not] * * * included in a responsive pleading * * *."

Therefore, this court cannot consider defendant Hayford's claim of lack of personal jurisdiction unless it was raised in his first responsive pleading labeled "Special Appearance and Answer."

The first paragraph of that document reads as follows: "That this Court is without jurisdiction to hear and try the above entitled action; that this defendant has resided in the State of Minnesota for 45 years and has at no time been within the jurisdiction of the above named Court and that he at no time has had any relations, contractual or otherwise, with the plaintiff and that service of the complaint was made upon plaintiff [sic] in Minneapolis, Minnesota on March 9, 1970."

The next paragraph is an introduction to the remainder of the document, which is responsive to the merits of the complaint. However, included within that paragraph is an express reservation of "the right to object to the jurisdiction of the Court as above set forth. * * *"

Defendant Hayford argues that the quoted language is in fact an objection to personal jurisdiction of this court, and therefore, that he has complied with subdivisions (g) and (h) (1) of Rule 12,

F.R.C.P. Plaintiff argues that the document in question is an answer and nothing more; that the defense of lack of jurisdiction over the person must be specifically pleaded; that the above language is insufficient to raise that defense, and therefore, that defendant has not complied with Rule 12 and cannot now raise that defense.

■ Initially, it must be noted that Rule 12 has eliminated the necessity of appearing specially. The technical distinctions between general and special appearances have been abolished. Bjorgo v. Weerden, 342 F.2d 558 (7th Cir. 1965). "However, there is no penalty if the pleader, mindful of the old ways, undertakes a 'special appearance,' although the label has no legal significance." 5 Wright and Miller, Federal Practice and Procedure § 1344 at 522. See also Bjorgo v. Weerden, *supra*, and Melekov v. Collins, 30 F.Supp. 159 (D.C.Cal.1939), which indicate that use of the words "special appearance" does emphasize a party's intent to object to jurisdiction.

The language in defendant's "Special Appearance" quoted above clearly indicates an objection to the jurisdiction of the court. It is true that the words "personal jurisdiction" were not included therein. However, the language used could not mean anything else. That language negates all of the traditional bases upon which personal jurisdiction is premised. Defendant does not reside within the State of California, he has never been present here, he has had no contacts, "contractual or otherwise," here, he was not served with process within the jurisdiction of this court, and he clearly does not consent to jurisdiction. All of this is found within that first paragraph.

Moreover, that first paragraph cannot be construed to constitute an objection based on lack of diversity, because nowhere therein does defendant Hayford mention that defendant Parker is a resident of California, the one crucial factor necessary to show a lack of diversity. In fact, Hayford's allegations of residence in Minnesota go more to prove diversity with the plaintiff than to disprove it.

■ Plaintiff relies upon Rule 7(b)(1), F.R.Civ.P., which provides that all motions "shall state with particularity the grounds therefor * * *." In United States v. 64.88 Acres of Land, 25 F.R.D. 88, 90–91 (D.C.Pa.1960), the court stated that "reasonable specification" of the grounds is sufficient to satisfy Rule 7(b)(1). Moreover, if the court can comprehend the basis of the motion and deal fairly with it, technicalities ought to be avoided. South v. United States, 40 F.R.D. 374, 375 (D.C. Miss.1966); Kenney v. Fox, 132 F.Supp. 305 (D.C.Mich.1955), aff'd 232 F.2d 288 (6th Cir. 1956), cert. den. 352 U.S. 855, 77 S.Ct. 84, 1 L.Ed.2d 66 (1956); King v. Mordowanec, 46 F.R.D. 474 (D.C.R.I. 1969).

■ Consequently, the court concludes that the first paragraph of defendant's "Special Appearance and Answer" adequately raises an objection to this court's jurisdiction over his person. Defendant's subsequent course of conduct did not amount to an abandonment of that objection, so that he could reargue it after plaintiff had cured the diversity defect by dismissing the action as against defendant Parker.

■■ Turning to the merits of this objection, then, the rule is that a federal court does not obtain personal jurisdiction over a defendant unless said defendant has some nexus—some minimum contact—with the state in which that court sits. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). These bases of jurisdiction include presence, domicile, residence, citizenship, consent, appearance, and doing business within the state. The pleadings and affidavits on file herein indicate that none of these bases are applicable to defendant Hayford.

222

Plaintiff has had ample opportunity to rebut the allegations of defendant Hayford in this regard, but has not tendered anything, other than the Rule 12 "waiver" argument, to show that this court has acquired *in personam* jurisdiction over defendant. Therefore, the court concludes that defendant's objection to personal jurisdiction is well-taken.

In light of the decision already reached in this case, it is unnecessary to decide the multitude of additional issues raised by the parties.

Accordingly,

It is ordered that defendant's motion to dismiss be and the same is hereby granted.

It is further ordered that plaintiff's motion for leave to amend the complaint be and the same is hereby denied.