**CAPITAL CONSULTANTS CORPO-
RATION, Plaintiff,**
v.

**CHARLES WILLIAMS REAL ESTATE
INVESTMENT CORPORATION**
et al., Defendants.

Civ. A. No. 2888.

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 19, 1972.

Opinion on Motion to Transfer
Aug. 21, 1972.

Thomas F. Smith, Kingsport, Tenn.,
for plaintiff.

William T. Gamble, Wilson, Worley, Gamble & Dodson, Kingsport, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action seeking money damages for breach of contract, 28 U.S.C. § 1332(a)(1), (c). It is alleged in the complaint that the plaintiff Capital Consultants Corporation (Capital) on March 23, 1971, entered into an agreement with the defendant Charles Williams Real Estate Investment Corporation (Williams), whereby Capital was to prepare a financial presentation for Williams in order that Williams might obtain a loan for the building of a Ramada Inn in Kingsport, Tennessee, and to receive a commission for such services; that it fully and successfully performed its part of said contract, but that as yet it has not been paid; that during the course of such negotiations, the defendant Kingsport Rama Corporation (Kingsport), a corporation with officers identical to Williams, was substituted for Williams; and that Kingsport is currently in the process of constructing the aforementioned Ramada Inn and restaurant in Kingsport, Tennessee. The defendants Williams and Kingsport moved to dismiss, on the ground that there is insufficient contact with the state of Tennessee to justify jurisdiction over them. Rule 12(b)(2), Federal Rules of Civil Procedure.

Capital is a Missouri corporation, not incorporated by Georgia or Tennessee, with its principal place of business in Missouri. Williams is a Georgia corporation, not incorporated by Missouri or Tennessee, with its principal place of business in Georgia. Kingsport is a Georgia corporation, not incorporated by Missouri. The plaintiff Capital claims that Kingsport's principal place of business is in Tennessee; whereas Kingsport claims that its principal place of business is in Georgia. For purposes of the diversity statute, 28 U.S.C. § 1332, and by reason of the disposition of this matter, it is immaterial whether Kingsport's principal place of business is in Tennessee or Georgia.

T.C.A. § 20–235, the Tennessee "Long-Arm" statute, provides in pertinent part that: " * * * Persons who are nonresidents of Tennessee * * * are subject to the jurisdiction of the courts of the state as to any action or claim for relief arising from: (a) The transaction of any business within the state; * * * (c) The ownership or possession of any interest in property located within this state; * * * (e) Entering into a contract for services to be rendered * * * in this state. * * * *". " * * * Today, it can no longer be doubted, if it ever was, that the doing of an act or the causing of a consequence in the forum state by the defendant can satisfy the requirements of the 'minimum contacts' test. * * * [[T]here are] three criteria * * * for determining the present outerlimits of *in personam* jurisdiction based on a single act. First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. * * * *" Southern Machine Company v. Mohasco Industries, Inc., C.A.6th (1968), 401 F.2d 374, 380–381 [4], [5]. In determining the basis for extraterritorial jurisdiction over a nonresident defendant on a motion to dismiss for lack of jurisdiction, affidavits may be considered. Fidelity & Cas. Co. of New York v. Life Companies, Inc., D.C.N.Y. (1964), 36 F.R.D. 267.

The affidavit of Mr. Charles S. Williams, president of Kingsport, states, *inter alia*, that " * * * Kingsport Rama does hold a leasehold interest in a tract of land located in the City of Kingsport, Tennessee, and is in the process of building motel facilities upon said

tract of land * * *." The affidavit of Mr. Charles L. Robertson, president of Capital, states, *inter alia*, that "* * * pursuant to the service agreement entered into with Charles Williams Real Estate and Investment Company, Inc., and in performance thereof he caused Allan Johns of Paul Revere Life Insurance Co., and L. L. Freeman of L. L. Freeman, Inc., to visit Kingsport, Sullivan County, Tennessee, in order to personally inspect the location for the proposed building site of the Ramada Inn which was the subject of said loan to be secured. * * * That said loan was secured in accordance with said service agreement and that the security for said loan commitment obtained from the Paul Revere Insurance Company was a first mortgage on said land and buildings to be constructed. * * * That Kingsport Rama Corporation was substituted after the initial loan commitment was obtained in the place of Charles Williams Real Estate and Investment Co., Inc. * * *" The affidavit of Mr. Robert C. Clear, city planner for the city of Kingsport, Tennessee states that beginning about April 8, 1971, he received in his official capacity plot-plans for the construction of a new Ramada Inn in Kingsport, Tennessee, and that correspondence concerning said plans was with Charles Williams Real Estate Investment Corporation, Inc.

■ Thus it is apparent that the defendants entered into a contract with the plaintiff, the consequence of which was the building of a $1,200,000 motel in Kingsport, Tennessee. They purposely contracted for the purpose of causing a consequence in the state of Tennessee. The cause of action arises out of the breach of such contract. And, it is clear that the consequences of said contract are substantial enough to make exercise of jurisdiction over the defendants reasonable. Accordingly, the motion of Charles Williams Real Estate Investment Corporation and Kingsport Rama Corporation for a dismissal of this action on the stated grounds hereby is overruled.

■ The defendants moved also, in the alternative, that, for the convenience of the parties and witnesses, and in the interest of justice, that this Court transfer this action to the Northern District of Georgia, Rome Division, where the action might have been brought. 28 U. S.C. § 1404(a). Counsel for the plaintiff did not respond timely thereto by brief, affidavits, or otherwise, local Rule 12(b); and such failure could now be deemed a waiver of opposition to such motion, local Rule 11(f). However, on a proper showing, in the interest of justice, the Court, in its discretion may waive those provisions. Local Rules, Append., § 4(a). The application for such alternative relief will remain under advisement for a reasonable time to allow the plaintiff an opportunity to make further representations thereupon.

## MEMORANDUM OPINION AND ORDER ON MOTION TO TRANSFER

The name of the defendant herein Charles S. Williams Real Estate Investment Company, Inc. hereby is amended to Charles S. Williams Real Estate Investment Corporation, see motion to dismiss herein of June 20, 1972, and the title of this action hereby is amended accordingly, *nunc pro* July 19, 1972.

In the interest of justice, in its discretion, the Court waives the provisions of local Rule 11(f), Local Rules, Appendix. § 4(a), and considers the alternative motion of the defendants for a transfer of this action to the Northern District of Georgia. 28 U.S.C. § 1404(a). Determination of this motion involves the balancing of competing interests and considerations. " * * * [U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. * * *" Gulf Oil Corp. v. Gilbert (1947), 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, 1062 (headnote 4).

■ The defendants claim, by way of balance in their favor, that all their officers reside in the Northern District of Georgia, and that the expense of bring-

ing them to the Eastern District of Tennessee would be great. The defendants make no showing that the proposed transferee forum would be less expensive for the plaintiff's officers. Under those circumstances, the balance is not shown to be strongly in favor of the defendants, and the plaintiff's choice of a forum will not be disturbed.

Motion denied.