523 P.2d 23

William F. WILLIAMS and Marjorie H. Williams, Plaintiffs-Appellees,

v.

ARCOA INTERNATIONAL, INC., a/k/a Advanced Management Engineering & Research Co., a corporation, et al., Defendants and Third-Party Plaintiffs-Appellants,

v.

FORD MOTOR COMPANY, Third-Party Defendant-Appellant.

No. 1281.

Court of Appeals of New Mexico.

May 1, 1974.

Certiorari Denied May 24, 1974.

William S. Dixon, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for defendants and third party plaintiffs-appellants.

Jerrald J. Roehl, Johnson, Paulantis & Lanphere, Albuquerque, for third-party defendant-appellant.

John Williams, Alfred M. Carvajal, Carvajal, Cherpelis & Parker, Albuquerque, for plaintiffs-appellees.

## OPINION

WOOD, Chief Judge.

The dispositive issue in this interlocutory appeal is whether the district court has "jurisdiction over the person" of the four defendants. See § 21–1–1(12)(b), N.M.S. A.1953 (Repl.Vol. 4).

The record indicates that plaintiffs rented a van, in Michigan from Michigan (U-Haul Co. of Michigan, a corporation). The amended complaint alleges that while operating the van two of its wheels came off, with a resultant loss of control, causing injury to the plaintiffs. At oral argument, it was represented that this accident occurred in Missouri.

We are not concerned with the theory under which plaintiffs claim each defendant is liable.

Two defendants—Arcoa (Arcoa International, Inc.) and New Mexico (U-Haul Co. of New Mexico, a corporation) filed answers in which each asserted a lack of jurisdiction over their person. The other two defendants—Michigan and Pennsylvania (U-Haul Co. of Pennsylvania, a corporation) asserted the same jurisdictional defense by motions. These motions were overruled. The jurisdictional defense was renewed in the answers filed by Michigan

and Pennsylvania. Both the motions and answers of the individual defendants asserted defenses in addition to the defense of lack of jurisdiction over the person.

Our concern at this point is not with the details of the defenses, but with the fact that the jurisdictional defense was joined with other defenses. Meeker v. Walker, 80 N.M. 280, 454 P.2d 762 (1969) indicates that the joinder of defenses in a pleading may result in there being a general appearance. We do not consider *Meeker*, supra, to be applicable because that opinion does not discuss a specific provision of § 21–1–1(12)(b), supra. That specific provision states: "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." Accordingly, we hold that the claim of no jurisdiction over the person was not waived by being joined with other *defenses*.

After defendants raised the jurisdictional defense in their answers, they moved for permission to file a third-party complaint. On the day the defendants filed their third-party complaint against Ford (Ford Motor Company), each defendant filed a new motion asserting a lack of jurisdiction over its person. Subsequently, Ford filed a similar motion.

The trial court denied these motions. Defendants and Ford applied for, and this Court granted, an interlocutory appeal. Section 21–10–3, N.M.S.A. 1953 (Repl.Vol. 4, Supp.1973). The appellate question posed in applying for the interlocutory appeal, and repeated in the brief-in-chief, is whether there was jurisdiction over the defendants under § 21–3–16, N.M.S.A.1953 (Repl.Vol. 4, Supp.1973).

Ford does not claim an absence of jurisdiction over its person. Ford's claims are that there is no jurisdiction over the persons of the defendants; that the complaint against defendants should be dismissed; and, therefore, that the third-party complaint should be dismissed. Since defendants and Ford agree on this view, Ford's appeal does not raise an issue separate from the claim of defendants.

Section 21–3–16, supra, provides that a person, or his agent, doing certain enumerated acts, subjects himself to the jurisdiction of the New Mexico courts as to causes of action arising from the enumerated acts. The act asserted by plaintiffs to be involved in this case is the "transaction of any business within this state." See Diamond A Cattle Company v. Broadbent, 84 N.M. 469, 505 P.2d 64 (1973); Winward v. Holly Creek Mills, Inc., 83 N.M. 469, 493 P.2d 954 (1972).

The record indicates that § 21–3–16, supra, was utilized as the basis for jurisdiction over the persons of Michigan and Pennsylvania and that process was served on that basis. There is nothing showing service of process upon Arcoa and New Mexico, and nothing showing that § 21–3–16, supra, was utilized as the basis for jurisdiction over the persons of Arcoa and New Mexico. The appeal of Arcoa and New Mexico could properly be dismissed because the record does not support a § 21–3–16, supra, claim as to them. Assuming, however, that a showing could be made raising an issue under § 21–3–16, supra, in future motions in the trial court, we answer the jurisdictional claim of each defendant.

In asserting an absence of jurisdiction over their persons under § 21–3–16, supra, defendants do not consider the effect of the third-party complaint. The question is whether the third-party complaint is affirmative action inconsistent with the position of not being properly before the district court. Compare Bjorgo v. Weerden, 342 F.2d 558 (7th Cir. 1965).

Section 21–1–1(12)(b), supra, does not answer the problem of inconsistent affirmative action. It provides that a jurisdictional defense is not waived by being joined with other *defenses and objections*. It does not refer to affirmative action being joined with a jurisdictional defense.

Federal decisions have discussed the problem of inconsistent affirmative action

in relation to counterclaims. The decisions reach different results, depending on whether the counterclaim is compulsory or permissive. See § 21–1–1(13)(a), (b), N. M.S.A.1953 (Repl.Vol. 4). Neifeld v. Steinberg, 438 F.2d 423 (3d Cir. 1971) criticizes the concept of waiver of jurisdictional defenses where a counterclaim is asserted. However, footnote 13 to the *Neifeld* opinion, citing numerous decisions, states: (1) that a majority of courts considering the problem hold there is a waiver of jurisdictional defenses where a counterclaim is asserted and (2) that the only cases finding no waiver are those where the counterclaim is compulsory.

Globig v. Greene & Gust Co., 193 F. Supp. 544 (E.D.Wis.1961) considered the problem in relation to a third-party claim and held that the third-party claim waived jurisdictional defenses. The opinion states:

"Furthermore, a party, when he counterclaims, cross-claims, or impleads a third party, is seeking affirmative relief and is thereby invoking the jurisdiction of the court. He cannot at the same time deny that jurisdiction. . . ."

■ Defendants' third-party complaint against Ford was a permissive pleading. Section 21–1–1(14)(a), N.M.S.A.1953. Not being required by rule or statute to assert a third-party claim, such action, in our opinion, invoked the jurisdiction of the district court over the defendants personally. Having invoked such jurisdiction, defendants cannot now deny that such jurisdiction exists. We hold that the third-party claim waived the defense of jurisdiction over the person of each defendant. Globig v. Greene & Gust Co., supra.

In so holding, we have not overlooked the fact that defendants attempted to preserve the jurisdictional defense while asserting that they were entitled to affirmative relief against Ford. The third-party complaint states:

"That the Court has jurisdiction over the subject matter of this case at the present time although the Court's jurisdiction over certain of the Defendants is being challenged and subject to subsequent ruling. That the Court has jurisdiction over the Ford Motor Company."

The quoted pleading exemplifies the situation previously discussed. Defendants invoke the jurisdiction of the court by seeking affirmative relief in their third-party complaint and at the same time seek to deny the court's jurisdiction over them. A similar situation existed in Bd. Com'rs Guadalupe Co. v. Dist. Ct. 4th Jud.Dist., 29 N.M. 244, 223 P. 516 (1924). The case was a prohibition proceeding in our Supreme Court whereby petitioners sought to prohibit the district judge from proceeding with a mandamus action in the district court. Defendants in the mandamus action, by motion, asserted a lack of jurisdiction in the district court. In the same motion, defendants asked the district court to modify its writ of mandamus so as to permit defendants to appear and defend. Our Supreme Court held that the motion to be allowed to appear and defend was a general appearance giving the court jurisdiction over the defendants. Compare Meeker v. Walker, supra.

The attempt to preserve the jurisdictional defense by referring to it in the third-party complaint was ineffective because the third-party complaint invoked the jurisdiction of the court over the persons of the four defendants. Accordingly, we need not consider the fact that the motion seeking permission to file the third-party complaint makes no reference to the jurisdictional defense.

Having held that defendants waived their jurisdictional defense and submitted themselves to the jurisdiction of the court, we do not reach plaintiffs' contention. That contention is that the defense of lack of jurisdiction over the person is to be determined simply by whether jurisdiction "appeared on the face of the Amended Complaint and Summons." Plaintiffs' view is that the affidavits submitted by the defendants were not to be considered. As to these matters, see Taylor v. Portland

Paramount Corporation, 383 F.2d 634 (9th Cir. 1967); Capital Consult. Corp. v. Charles Williams R. E. Inv. Corp., 352 F. Supp. 101 (E.D.Tenn.1972); 2A Moore's Federal Practice, ¶ 12.09, cases cited at 2299 (2d ed. 1974); compare Pope v. Lydick Roofing Company of Albuquerque, 81 N.M. 661, 472 P.2d 375 (1970); Benson v. Export Equipment Corporation, 49 N.M. 356, 164 P.2d 380 (1945).

The order of the trial court, refusing to dismiss for lack of jurisdiction over the persons of the defendants and Ford, is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.