BRIMSTONE EXPORT LTD. AND AGRICULTURAL AND INDUSTRIAL CHEMICALS, INC., PLAINTIFFS *v.* UNITED STATES, ET AL., DEFENDANTS

Court No. 83–12–01817

Before RESTANI, *Judge.*

(Dated April 17, 1984)

*Collier, Shannon, Rill & Scott (Paul C. Rosenthal, Esq.),* for plaintiffs.

---

[3] If plaintiff suffered damages because of improper seizure of goods for satisfaction of duties, his remedy would lie in tort. As stated in our earlier opinion, there is no waiver of sovereign immunity for such an action. *Cf. Kosak* v. *United States.* No. 82–618, 52 U.S.L.W. 4367 (U.S. March 21, 1984).

*Richard K. Willard,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, *Velta A. Melnbrencis* and *J. Kevin Horgan, Esqs.,* for defendants.

## Opinion and Order

RESTANI, *Judge:* Defendant moves for reconsideration of the court's order permitting plaintiff Brimstone Export Ltd. (Brimstone) to amend its summons to add Agricultural and Industrial Chemicals, Inc. (A&I) as a plaintiff in this action.

Brimstone commenced this action on December 23, 1983 by filing a summons challenging the United States Department of Commerce, International Trade Administration's (ITA) assessment of antidumping duties. Brimstone is the only plaintiff named in the summons. On January 25, 1984, Brimstone filed a motion to amend the summons to add A&I as a plaintiff.

Apparently defendant attached its opposition to Brimstone's motion to a filing in another matter. As a result of this misfiling, defendant's opposition was not before the court when it granted Brimstone's motion on February 15, 1984. Defendant now asks the court to reconsider its decision in light of defendant's contentions before the court on this motion:

Defendant brings this motion pursuant to CIT Rule 1(a). Rule 1 can serve as the basis for reconsideration of an order. *William F. Joffroy, Inc.* v. *United States,* 2 CIT 180 (1981). But, more properly, this is a Rule 60(b) motion for relief from an order on grounds of excusable neglect. Defendant's memorandum makes clear the true basis for its motion, so the citation to Rule 1 rather than Rule 60 is harmless. *See McGarr* v. *Hayford,* 52 F.R.D. 219 (1971).

Rule 60(b) permits this court to relieve defendant from an order entered into because of defendant's excusable neglect upon such terms as are just. The court here believes that justice requires reconsideration of the order granting leave to amend. Defendant has a substantial interest in a decision as to the proper parties in an antidumping action. It cannot properly protect that interest if its contentions are not considered by this court. Defendant is substantially prejudiced by the order in question, and defendant's promptness in requesting reconsideration minimizes any prejudice to plaintiff from the delay.

As to the merits, Brimstone's motion to amend raises issues substantially similar to those considered by the court in *FirstMiss, Inc.* v. *United States,* 7 CIT 52 (1984). There, as here, the named plaintiff sought to amend the summons in an antidumping case to add a related corporation as plaintiff. There, as here, defendant contended that the related corporation should not be added since it had not participated in the administrative proceedings and had not filed a timely summons. *Id.*

In *FirstMiss* the court granted leave to amend. There the original plaintiff had made no entries of the goods in dispute. All of the

relevant entries at issue in the administrative proceedings, and in plaintiff's summons, were entries made by the related corporation, its subsidiary. The government knew or should have known that agents of the original plaintiff who were also agents of the subsidiary had participated in the administrative proceedings on behalf of the subsidiary. The participants had no other possible interest in the matter. So, in effect, the party sought to be added had participated in the administrative proceedings and the statutory requirement of administrative participation was satisfied. Also defendant knew or should have known that the original plaintiff was asserting its subsidiary's claims when the original plaintiff initiated litigation. Therefore defendant was not prejudiced by the adding of the subsidiary as a plaintiff after the time for filing suit had passed.

This case is distinguishable from *FirstMiss*. Here, Brimstone was the importer of record for a number of the entries in dispute in the administrative proceedings and this litigation. When Brimstone brought suit, defendant could only assume that Brimstone was putting at issue the duties assessed on entries Brimstone had made. Defendant had no way of knowing whether Brimstone intended to put at issue duties assessed on entries made by another corporation.[7]

Moreover, granting leave to amend in a case such as this could pose problems similar to those in *Matsushita Electric Industrial Co., Ltd.* v. *United States,* 2 CIT 254, 529 F.Supp. 664 (1981). In *Matsushita* the court denied leave to intervene in an antidumping case to three unions because they had participated in the administrative proceeding only as part of an umbrella organization, not in their own names. The court noted that the unions would necessarily have the same interests as the umbrella organization or each other. Thus judicial review of the administrative proceeding could be impaired if parties to the judicial action had not been completely represented before the administrative agency. *Id.* at 258.

Similarly, to allow amendment in this case would create the risk of allowing participation by parties whose interests had not been represented before the ITA. Brimstone and A&I contend that there is no possibility that A&I's interests were not fully represented before the ITA since the two companies share some common ownership. This is not persuasive. As noted above, Brimstone and A&I are separate legal entities, and each is responsible for different entries. It is possible that Brimstone may not have fully represented A&I's interests before the ITA. This contrasts sharply with the *FirstMiss* case. Amendment was permitted there because the named plaintiff had no possible interest in the matter. The agents

---

[7]Even if Brimstone and A&I share some common ownership, Brimstone has not alleged sufficient indicia of an alter ego relationship with A&I. They are separate legal entities. Surely A&I would not want to be legally liable for any misconduct of Brimstone. Similarly A&I cannot establish a legal right to participate here based on conduct of Brimstone done for Brimstone's own benefit.

of the named plaintiff had to be representing the interests of the party to be added since the party to be added had made all the entries at issue.

Strict statutory constraints govern bringing suit to challenge an antidumping finding. Therefore, this court will not permit amendment of a summons to add a new plaintiff outside of the statutory time limits except in cases where it is clear to all parties that the original plaintiff was bringing suit initially on behalf of the party to be added.

Therefore it is ORDERED:

Defendant's motion for reconsideration is granted. Brimstone's motion to amend the summons is denied. A&I is dismissed as a party to this action. The injunction entered into on February 17, 1984 is modified to only enjoin liquidation of entries made in the name of plaintiff Brimstone.