**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: June 24, 2014

Docket No. 33,048

CATHY TREI,

      Plaintiff-Appellant,

v.

AMTX HOTEL CORPORATION,
d/b/a HOLIDAY INN,

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**William A. Sanchez, District Judge**

Amavalise F. Jaramillo
Tome, NM

for Appellant

Peterson Farris Byrd & Parker
Rhett J. Hubbard
Amarillo, TX

for Appellee

**OPINION**

**SUTIN, Judge.**

**{1}**    Plaintiff Cathy Trei appeals the district court's grant of Defendant AMTX Hotel Corporation's motion to dismiss for lack of personal jurisdiction. Plaintiff argues that the district court erred in finding insufficient contacts with New Mexico to establish jurisdiction. She also argues that even if the contacts were insufficient, Defendant waived its jurisdictional defense by engaging in non-jurisdictional discovery. We conclude that the out-of-state franchisor's national advertising does not provide a basis to establish personal jurisdiction in New Mexico over the nonresident franchisee Defendant in this case.

1

Additionally, we conclude that Defendant did not waive its jurisdictional defense. We therefore affirm the district court's dismissal for lack of personal jurisdiction.

## BACKGROUND

**{2}**     Plaintiff is a resident of New Mexico. Defendant is a New York corporation that owns and operates a hotel in Amarillo, Texas. Defendant's hotel does business as a "Holiday Inn," pursuant to its franchise agreement with Intercontinental Hotels Group (IHG), which owns the "Holiday Inn" brand.[1]

**{3}**     In March 2012, Plaintiff was a guest at Defendant's hotel in Amarillo, Texas. She was injured while using equipment in the hotel's exercise facility. Plaintiff sued in Valencia County, New Mexico, seeking damages for personal injuries at the hotel. In response, Defendant filed a motion to dismiss based on lack of jurisdiction, along with an answer to the complaint. Defendant also sent Plaintiff a set of interrogatories, a request for production of documents, and requested authorizations to obtain various records relating to Plaintiff.

**{4}**     Following a hearing on Defendant's motion to dismiss, the district court determined that there were not sufficient contacts between New Mexico and Defendant to establish jurisdiction and entered an order dismissing the case on that basis. This appeal followed.

## DISCUSSION

**{5}**     "The determination whether a district court has personal jurisdiction over a nonresident defendant is a question of law that we review de novo." *Sproul v. Rob & Charlies, Inc.*, 2013-NMCA-072, ¶ 6, 304 P.3d 18. Where the district court bases its ruling on the parties' pleadings and affidavits, we apply a standard of review mirroring that of our standard governing appeals from summary judgment. *See Sublett v. Wallin*, 2004-NMCA-089, ¶ 11, 136 N.M. 102, 94 P.3d 845. "We construe the pleadings and affidavits in the light most favorable to the complainant, and the complainant need only make a prima facie showing that personal jurisdiction exists." *Id.*

**{6}**     "[W]e consider the long-arm statute as being coextensive with the requirements of due process and undertake a single search for the outer limits of what due process permits." *M.R. v. SereniCare Funeral Home, L.L.C.*, 2013-NMCA-022, ¶ 8, 296 P.3d 492 (internal quotation marks and citation omitted). "Due process requires that an out-of-state defendant have 'minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " *Alto Eldorado P'ship v. Amrep Corp.*, 2005-NMCA-131, ¶ 31, 138 N.M. 607, 124 P.3d 585 (quoting *Int'l Shoe*

---

[1] There is nothing in the record indicating IHG's state of incorporation. Neither party alleges that New Mexico is the state of incorporation. We analyze the jurisdictional issue accordingly.

*Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction can be either general (all-purpose) or specific (case-linked). *Sproul*, 2013-NMCA-072, ¶ 9. Because the jurisdiction asserted in this case is specific, we must determine whether Defendant purposely established contact with New Mexico and, if so, whether Plaintiff's cause of action arose out of those contacts with New Mexico. *See Zavala v. El Paso Cnty. Hosp. Dist.*, 2007-NMCA-149, ¶ 12, 143 N.M. 36, 172 P.3d 173.

**Plaintiff's Agency Theory**

**{7}**    Plaintiff can point to no direct contact between New Mexico and Defendant. Defendant has no facilities, hotels, offices, or employees in New Mexico, has no agent in New Mexico, does not advertise in New Mexico, and does not conduct any business in New Mexico. In short, Defendant has no presence whatsoever in New Mexico. Plaintiff argues that Defendant's purposeful contact with New Mexico stems from "the advertising and marketing activities of Holiday Inn in New Mexico, which can be imputed or attributed to [Defendant.]" Plaintiff relies on "[IHG's national] advertising . . . on television and radio," which she alleges she saw and heard prior to her stay at Defendant's hotel. She also points out that she was a member of IHG's Priority Club at the time of her injury, which is also advertised nationally. Plaintiff asks this Court to impute IHG's advertising to Defendant in order to demonstrate contacts between Defendant and New Mexico. She argues that IHG's advertisements should be attributed to Defendant "through theories of agency or apparent agency." In her reply brief, Plaintiff states that her position is "premised on [Defendant's] use of the Holiday Inn name, and how it benefits from that advertisement and promotional activities conducted via its agent [IHG]." We reject Plaintiff's imputation and attribution contacts theories.

**{8}**    "The existence of a franchisor-franchisee relationship alone is insufficient to create a principal-agent relationship." *Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 18, 125 N.M. 691, 964 P.2d 855; *see also Sublett*, 2004-NMCA-089, ¶¶ 14-22, 28 (declining to find an agency relationship between a nonresident franchisor defendant and a New Mexico franchisee for the purpose of establishing jurisdiction over the franchisor, and emphasizing that "it is a defendant's activities which must provide the basis for personal jurisdiction, not the acts of other defendants or third parties" (alterations, internal quotation marks, and citation omitted)); *Alto Eldorado P'ship*, 2005-NMCA-131, ¶ 32 ("[T]he mere relationship of [a] parent corporation and subsidiary corporation is not in itself a sufficient basis for subjecting both to the jurisdiction of the forum state, where one is a nonresident and is not otherwise present or doing business in the forum state. When speaking of jurisdiction, this rule is only common sense, since personal jurisdiction is precisely that: personal." (internal quotation marks and citation omitted)).

**{9}**    These cases involve attempts to assert jurisdiction over a nonresident defendant based on the contacts of a resident franchisee or subsidiary. In the case now before us, Plaintiff is attempting to use alleged New Mexico contacts of a nonresident franchisor to sustain jurisdiction over a nonresident franchisee. Although not on point, *Campos*, *Sublett*,

3

and *Alto* are instructive. We examine whether one party exerted control over the other to the extent that one party's contacts with New Mexico can be imputed to the other. We will not impute the alleged contacts of nonresident franchisor IHG to nonresident franchisee Defendant unless Plaintiff has proved sufficient facts to demonstrate that Defendant, the party over which Plaintiff seeks jurisdiction, has exerted some level of control over IHG, the party that has the alleged contacts with New Mexico through its national advertising. *See Coleman v. Chen*, 712 F. Supp. 117, 122 (S.D. Ohio 1988) (addressing a plaintiff's attempt to impute Holiday Inn's national advertising to its franchisee for the purpose of establishing jurisdiction and rejecting the argument because "[t]here [was] no evidence that [the d]efendants [(the franchisee)] control[led] the time, place, or manner of [the d]efendant Holiday Inns' solicitation" and, therefore, "no jurisdiction [could] be based upon the franchisor's being an agent of the franchisee").

**{10}** Asserting that IHG has contacts in New Mexico via national advertisements, Plaintiff asks this Court to impute those alleged contacts to Defendant through a theory of agency. In other words, Plaintiff argues that IHG acted as Defendant's agent with respect to IHG's advertisements. The argument fails because no evidence exists that Defendant exerted any control over IHG in any respect, much less in regard to IHG's national advertising program. Further, without any facts about the relationship, all of Plaintiff's assertions about an agency relationship are speculative and hollow. We, therefore, decline to impute IHG's alleged contacts with New Mexico to Defendant.

**{11}** Plaintiff's claim also fails because national advertisements alone by a nonresident defendant cannot support personal jurisdiction over that nonresident defendant. *See Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 155-56 (D.N.J. 1990) (concluding that advertising to the general public on television and in newspapers cannot constitute minimum contacts necessary to satisfy due process); *Jacobs v. Walt Disney World, Co.*, 707 A.2d 477, 485 (N.J. Super. Ct. App. Div. 1998) (indicating that advertisements, national in scope, for the purpose of informing the general public and not designed to solicit business from a specific geographic area should not form the basis for jurisdiction). In relation to advertisements to the general public and national in design, the court in *Giangola* insightfully concluded:

> In an age of modern advertising and national media publications and markets, [the] plaintiffs' argument that such conduct would make a defendant amenable to suit wherever the advertisements were aired would substantially undermine the law of personal jurisdiction. Courts generally have refused to adopt such a standard and embark on such a course.

753 F. Supp. at 156. Invoking personal jurisdiction when based on national advertisements directed solely to the general public, as in the present case, does not pass the fairness and reasonable tests for jurisdiction. *See Roberts v. Piper Aircraft Corp.*, 1983-NMCA-110, ¶ 24, 100 N.M. 363, 670 P.2d 974 (indicating that whether personal jurisdiction exists is a question of fairness and reasonableness).

**{12}** Plaintiff's reliance on *Roberts* is of no benefit to her. *Roberts* does not support Plaintiff's agency and imputation theory either factually or legally. In *Roberts*, the injury at issue occurred in New Mexico, *id.* ¶¶ 2-4, and the advertisements at issue, which came directly from one of the nonresident defendants, specifically directed customers in New Mexico to its business through national trade publications that were circulated in New Mexico. *Id.* ¶¶ 21-22. Here, the circumstances differ significantly. Plaintiff's injury occurred in Texas at the nonresident franchisee Defendant's hotel, and the purely national advertising came from a non-party, nonresident franchsior. No evidence exists that Defendant had any control over IHG's advertisements. No evidence exists that IHG's advertisements related specifically to Defendant's Amarillo hotel, or to the Texas panhandle area, or directed customers to Defendant's hotel.

**{13}** Nor does *Cronin v. Sierra Medical Center*, on which Plaintiff also relies, support Plaintiff's arguments. 2000-NMCA-082, 129 N.M. 521, 10 P.3d 845. The nonresident defendant in *Cronin* was a hospital that "intentionally, purposefully, and persistently solicit[ed] the business of New Mexico customers." *Id.* ¶ 22. Specifically, "[i]t placed advertisements in several New Mexico telephone directories, produced television commercials that could be and were viewed by potential customers in New Mexico, and previously performed health care services for other New Mexico customers." *Id.* Like in *Roberts*, and unlike here, the advertisements at issue in *Cronin* came directly from the nonresident defendant and specifically directed customers to its business. *See id.* Plaintiff's out-of-state authorities are equally distinguishable and inapposite, and we see no reason to discuss them.

**The Jurisdictional Defense**

**{14}** Plaintiff argues that Defendant waived its jurisdictional defense by propounding discovery and seeking certain relief in its answer. Defendant served Plaintiff with a set of interrogatories, a request for production of documents, and requested authorizations to obtain certain records about Plaintiff. One day prior, Defendant filed its motion to dismiss for lack of personal jurisdiction. At the same time, Defendant also filed an answer to Plaintiff's complaint in which Defendant requested that it "be discharged from all liability and recover its costs[.]"

**{15}** "The defense of lack of personal jurisdiction is subject to waiver when not properly asserted." *Stetz v. Skaggs Drug Ctrs., Inc.*, 1992-NMCA-104, ¶ 18, 114 N.M. 465, 840 P.2d 612. Typically, a waiver occurs when a defendant fails to raise the defense in a responsive pleading or a Rule 1-012 NMRA motion. Defendant raised the defense in a motion to dismiss, along with its answer to Plaintiff's complaint, a procedure permitted in Rule 1-012(B). *Id.* ("No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."). However, the defense may be waived, even if a defendant has preserved the defense in an answer, if the defendant substantially participates in the litigation without actively pursuing its jurisdictional defense. *See* 5C Charles Alan Wright et al., *Federal Practice and Procedure* § 1391 (3d ed.) ("[A]

5

party can be held to have waived a defense listed in [Federal] Rule 12(h)(1) through conduct, such as extensive participation in the discovery process or other aspects of the litigation of the case even if the literal requirements of [the rule] have been met[.]").

{16}    We have addressed waiver in this context on at least two occasions.  In *Williams v. Arcoa International, Inc.*, 1974-NMCA-037, ¶¶ 11-19, 86 N.M. 288, 523 P.2d 23, this Court held that the defendant waived its personal jurisdiction defense when it invoked the jurisdiction of the district court by seeking permissive, affirmative relief in the form of a third-party complaint.  In *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2008-NMCA-153, ¶ 32, 145 N.M. 328, 198 P.3d 354, this Court concluded that a defendant did not waive its defense when it filed an answer, a motion to dismiss, a motion for summary judgment, and participated in certain aspects of the pretrial process because the conduct was defensive in nature. In other words, the defendant did not seek affirmative relief. *Id.*

{17}    We reject Plaintiff's claim that Defendant waived its jurisdictional defense by seeking affirmative relief from the district court.  A party is permitted under Rule 1-026 NMRA to propound discovery upon an opposing party once an action has been instituted. *Cf. Sanchez v. Church of Scientology of Orange Cnty.*, 1993-NMSC-034, ¶ 17, 115 N.M. 660, 857 P.2d 771 (explaining that when challenging personal jurisdiction, the opportunity for discovery exists from the inception of a case).  The relief Plaintiff characterizes as "affirmative" was requested in Defendant's answer, which was filed simultaneously with its motion to dismiss.  Plaintiff points out that Defendant's requests "were not limited to jurisdictional discovery[.]"  We decline to penalize Defendant for requesting information that would be relevant to the subject matter of the action awaiting the district court's ruling on Defendant's early filed motion to dismiss for lack of jurisdiction.  An answer to a complaint is defensive in nature, and we have previously rejected an argument similar to that of Plaintiff. *See Capco Acquisub, Inc.*, 2008-NMCA-153, ¶¶ 7-8, 31-32.

**CONCLUSION**

{18}    New Mexico does not have personal jurisdiction over Defendant in this case, and Defendant did not waive its jurisdictional defense.  Accordingly, we affirm the district court's grant of Defendant's motion to dismiss for lack of personal jurisdiction.

{19}    **IT IS SO ORDERED.**

                                                  _____

                                                  **JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

6

_____
**MICHAEL D. BUSTAMANTE, Judge**