[No. 1285, August 29, 1910.]

WILLIAM G. ROBERTSON, et al., Appellants, v. THE MINE AND SMELTER SUPPLY COMPANY, et al., Appellees.

### SYLLABUS (BY THE COURT.)

1. A judgment of foreclosure of a material man's lien obtained without service of process upon the owner of the property is as to him void for want of jurisdiction.

2. Injunction against proposed sale under such a decree is the proper remedy.

Appeal from the District Court for Lincoln County, before ALFORD W. COOLEY, Associate Justice. Reversed and remanded.

HEWITT & HUDSPETH for Appellants.

If the machinery in question was not purchased or furnished to be used in the construction, alteration or re-

pair of this particular mining claim no lien would lie against such claim. Sec. 2217, C. L. 1897; Hill v. Bishop, 25 Ill. 349, 79 Am. Dec. 333; Rogers v. Currier, 79 Mass. 129 and authorities cited; Stout v. Sawyer, 37 Mich. 313; Boisot on Liens, sec. 105; Ripley v. Mining Co., 12 N. M. 186; London v. Coleman, 59 Ga., 653; Stout v. Sawyer, 37 Mich. 313.

The claim or statement of lien itself must describe the property sought to be charged. Sec. 2221, C. L. 1897; Phillips on Liens, sec. 378; Jones on Liens, sec. 1426 and authorities cited.

No notice is required of the non-liability of the owner until after he has received knowledge of the labor or improvements. Sec. 2226, C. L. 1897; Post v. Fleming, 10 N. M. 476.

The bill should not have been dismissed but the injunction ought to have been perpetuated. Clark v. Brown, 25 Mo. 563.

The threatened sale was an attempt to subject the mining claim of appellants to the payment of the debt of another without due process of law. Jones on Liens, sec. 1571; McCoy v. Quick, 30 Wis. 521; Lampson v. Bowen, 41 Wis. 484; Mining and Smelting Co. v. Finch, 6 Colo. 214, and authorities cited; Clark v. Brown, 25 Mo. 563; Bolen v. Fleming Co., 55 Cal. 164.

The owner's interest in the land can only be reached and applied to the satisfaction of the lien debt by making him a party to the proceeding. Jones on Liens, sec. 1572 and authorities cited; Phillips on Liens, secs. 395, 397; Clark v. Brown, 25 Mo. 563; Bolen v. Fleming Co., 55 Cal. 164; Houser v. Hoffman, 32 Mo. 334.

A contract of sale does not authorize vendee to create liens. West Port Lumber Co. v. Harris, 110 S. W. Rep. 609, Mo.; National Bank of Metropolis v. Sprague, 20 N. J. Eq., 13; Hayes v. Fessenden, 106 Mass. 228; Wheaton v. Berg. 50 Minn. 525; Malmgren v. Phinney, 50 Minn. 457.

Mechanics liens against an equitable estate survive or perish with it. Steel v. Argentine M. Co., Idaho, 42 Pac. 585; Campbell's Appeal, 36 Pa. St. 247; McGuinness

v. Purington, 43 Conn. 143; Calloway v. Freeman, 29 Ga. 408; Walker v. Burt, 57 Ga. 20; Scales v. Griffin, Mich., 2 Doug. 54; Picken v. Investment Co., 31 Neb. 585; Galveston Ex. Ass'n. v. Perkins, 80 Texas 62; Mentzer v. Peters, Wash., 33 Pac. 1078; Boiset on Liens, sec. 309.

SHERRY & SHERRY for Appellee.

The sufficiency of the description is a question for the jury. Cleverly v. Mosely, 148 Mass. 280; Willamette Steam Mills Co. v. Kremer, 94 Cal. 206; Phillips on Mechanic Liens, 2 ed., p. 619, sec. 399; Hughes v. Togerson, 96 Ala. 346; Maynard v. East, 13 Ind. App., 432.

An imperfect description of the property in a mechanic's lien notice may be aided by extrinsic evidence. Coburn v. Stephens, 137 Ind. 683.

Notice. C. L. 1897, sec. 2226.

The mechanic's lien law is to be liberally construed. Ford v. Springer Land Association, 8 N. M. 37, overruling Finane v. Hotel Company, 3 N. M. 256.

Neither possession of, nor legal title to, land upon which a mechanic's lien is claimed, is necessarily conclusive of the right to a lien upon such land, or upon a structure which has been constructed thereon. Empire Land & Canal Co. v. Engley, 18 Colo. 388, 33 Pac. 153.

Liens for labor and material furnished in a building are superior to the mortgage. Jarvis-Conklin Mort. Trust Co. v. Sutton, 46 Kan. 166, 26 Pac. 406; Gen. St. Kan. 1889, par. 4733.

OPINION OF THE COURT.

PARKER, J.—It appears that a suit was brought to foreclose a material man's lien upon a mining claim and decree of foreclosure was awarded. The appellants, owners of the property, were not served with process of any kind. Upon a notice of a proposed sale under the decree of foreclosure appearing in the local newspaper, the appellants brought an action to enjoin the sale. The court be-

low refused the injunction and dismissed the complaint, from which judgment appellants appeal.

The foreclosure proceeding plainly violated the "due process of law" clause of the 14th amendment of the Constitution of the United States. The essential elements of due process of law, as applied to matters of this kind, are notice and opportunity to be heard. Simons v. Craft, 182 U. S. 427, 436.

The judgment of foreclosure was, therefore, absolutely void as against the appellants, the owners of the property.

2. Injunction was the proper remedy of appellants and should have been awarded against the sale. Mining and Smelting Co. v. Finch, 6 Colo. 214; 30 Cent. Dig., Judgment, sec. 793; 23 Cyc. 993; Remer v. McKay, 35 Fed. 86.

For the reasons stated the judgment of the court below will be reversed and the cause remanded with instructions to reinstate the complaint and award permanent injunction against the sale, and it is so ordered.

### SYLLABUS (BY THE COURT.)

