222 P.2d 609

**STATE ex rel. DEERING et al. v. DISTRICT COURT OF FIFTH JUDICIAL DIST., CHAVES COUNTY et al.**

No. 5293.

Supreme Court of New Mexico.

Aug. 31, 1950.

Rehearing Denied Oct. 16, 1950.

Reese & Reese, Roswell, for petitioners.

G. T. Watts, Roswell, for respondents.

LUJAN, Justice.

This is an original proceeding brought to restrain and prohibit the Honorable George T. Harris, Judge of the Fifth Judicial District from proceeding further with a cause pending in the District Court of Chaves County, upon an alleged ground that the court lacks jurisdiction to try it. The material facts are as follows:

On February 24, 1948, proceedings to condemn land of the Deerings were duly instituted by the State of New Mexico and the Board of County Commissioners in the District Court of Chaves County. Thereafter, respondent, as district judge, entered an order appointing three commissioners to view the land sought to be condemned, and to assess damages if any, as provided by Section 25-901, Comp.1941. On July 17, 1948, the commissioners filed their report, assessing damages in the sum of $2,830.82, to which both parties filed their exceptions. On February 11, 1950, a hearing was had before respondent, the exceptions were overruled and the report confirmed.

The respective parties, in open court, expressed dissatisfaction with the award of the commissioners and then and there requested that the matter be set for trial by a jury, notwithstanding they had not filed a notice of appeal as provided for by the statute. As requested, the court set the matter for trial by a jury as of March 3, 1950. Sec. 25-908, Comp.1941, provides: "Within twenty (20) days after the final confirmation of any report of such commissioners, as provided for in section 2103 (25-906), any person interested therein may appeal from the said order and confirmation to the district court of the proper county, by filing a notice with the clerk of said court that an appeal has been so taken, and thereupon the clerk shall docket said cause in the district court and it shall stand for trial in said court as other civil causes are tried and shall be tried de novo."

On March 3, 1950, both parties appeared in court by their attorneys and had their witnesses present and ready for trial, but due to the fact that a case which had been set for trial on March 2, 1950, had not been completed on that day, the court announced that the case would not be called for hearing until Monday, March 6, 1950. Apparently, the new setting was agreeable to both parties as no objections were interposed. However, on the following day the petitioners (defendants) filed a motion for judgment on the report of the commissioners, the pertinent part thereof reads: "The Court made and entered its order herein on the 11th day of February, 1950, confirming the report of the Commissioners herein; no appeal has been taken therefrom by filing a notice with the Clerk of said Court that an appeal has been so taken within the time required by law."

On the same day the respondents (relators) filed a response to said motion and also filed a notice of appeal with the Clerk of the District Court; but twenty days had elapsed since the confirmation of the commissioner's report.

At the conclusion of the hearing on the petitioners' motion, the court overruled same and made the following finding of fact: "No. 6. That at the time said order was entered on February 11, 1950, the petitioners were represented by their attorney, G. T. Watts, in court, and the defendants were represented by their attorneys, Reese and Reese, at which time both parties in open court announced their dissatisfaction with the award fixed by the commissioners and *requested and urged that the court set said cause on the jury docket to be tried at the present term of court.*" (Emphasis ours.)

We are of the opinion that the failure of respondents to file a notice of appeal with the clerk of the district court did not divest it of the jurisdiction it obtained in the first place over the parties and the subject matter, but that it continues throughout the proceedings. State ex rel. Weltmer v. Taylor, 42 N.M. 405, 79 P.2d 937, 941.

Under condemnation proceedings, before as well as after the so-called "appeal", the basis is the petition first filed in the district court. On appeal the only question that can be presented under the statute relates to the measure of damages. In other words, the action, the parties and the court are the same. There is no new case involved. No separate and distinct proceedings. The statute does not provide for notice to the parties, but provides only that notice of appeal be filed with the clerk of the district court within twenty days after the final confirmation of any report of the commissioners.

In State ex rel. Weltmer v. Taylor, supra, the court speaking through Justice Brice, after referring to the various statutes, said:

"These territorial statutes did not confer appellate jurisdiction upon the district court except in cases appealed from probate and justice of the peace courts, and we are of the opinion that it was not the intention of the territorial legislature to provide for an appeal under the eminent domain statutes, *in the sense that it should be a different cause.* (Emphasis ours.)

"The same result would have followed if the statute had provided that upon the application of an interested party, a trial de novo before the court or jury, on the question of damages should be granted, with no provision for redocketing the case as an appeal.

\* \* \* \* \* \*

"The judgment in condemnation proceedings for damages for the land taken is

the final judgment in such a proceeding. Where a so-called appeal, from the commissioners' award is taken under our statute that final judgment is rendered in the separately docketed appeal. This renders it conclusive that *it is a continuation and part of the same proceeding.*" (Emphasis ours.)

In construing a similar statute, the Supreme Court of the State of Wisconsin, in Larson v. Superior Short Line Ry. Co., 64 Wis. 59, 24 N.W. 487, 488, said:

"It is not strictly correct to say that this notice of appeal is the commencement of an action in the circuit court by each appellant against the railway company. The statute does not say so, and it is not so in fact. The parties are already in court before any appeal is taken, by reason of the proceedings before had on the petition of the company. * * * The notice to be filed with the clerk is not a process to bring the parties into court, for they are already there. Its sole object is to advise the opposite party that the party giving the notice is not satisfied with the award of compensation and damages made by the commissioners, and desires to have a new award made by a jury and the court. When such notice is given the statute says, 'The appeal shall be considered an action pending in court,' etc., not an action commenced in such court. The original petition filed by the railway company, asking for the appointment of commissioners to fix the compensation and damages which it shall be compelled to pay in order to take the desired lands, is the commencement of an action against all the owners of the lands desired by the company. * * *

"The strict rule which applies to appeals from the judgments of one court to a higher or appellate court should not apply to a case of this kind when the case is already in the court and where a new trial is sought to be had in the same court."

When the petitioners appeared in court with their attorneys and witnesses on the day the case was to be tried, ready to participate therein, and acquiesced in the postponement, all without a notice of appeal having been filed, they effectively entered their appearance and waived the notice. Guthrie v. Threlkeld, 52 N.M. 93, 192 P.2d 307, and State ex rel. Davie v. Bolton, 53 N.M. 256, 206 P.2d 258.

In view of our conclusion on the point just discussed, it becomes unnecessary for us to pass upon other questions raised by the petitioners.

It follows that the ruling of the district court was correct. The proceedings will be dismissed at the cost of the petitioners. It is so ordered.

BRICE, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.