568 P.2d 263
**Rosemary Gonzales LINDSEY and Sheldon Lindsey, Plaintiffs-Appellants,**

**v.**

**J. A. MARTINEZ, Defendant-Appellee.**

**Appeal of Sheldon LINDSEY, Contemnor-Appellant.**

**No. 2800.**

Court of Appeals of New Mexico.

Aug. 2, 1977.

Manny M. Aragon, Lorenzo A. Chavez, Albuquerque, for plaintiffs-appellants.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

This appeal involves the constructive contempt of Sheldon Lindsey. We reverse the trial court's contempt decision because it was made in the absence of Sheldon. We discuss (1) the type of contempt; (2) notice of the contempt charge; and (3) appearance by counsel.

▪ Plaintiffs and Martinez occupied adjoining property; they did not get along. Plaintiffs' suit against Martinez sought a resolution of the difficulties and included a request that Martinez be restrained from certain action. In March, 1975 the trial court entered an order restraining both parties. As to the plaintiffs, the restraining order read:

"That the Plaintiffs are hereby restrained from in any way molesting, interfering with, or harassing the Defendant, in any way, manner or form."

Although Lindsey has various complaints as to the vagueness of this restraint, he is in no position to complain. His brief-in-chief states that the restraining order was entered by agreement between counsel for the parties.

In October, 1975 Martinez moved that the trial court require plaintiffs to show cause why they should not be held in contempt for disobeying the restraining order. The motion alleged the plaintiffs had "continuously disobeyed the Court's Order as more specifically set forth in the affidavit attached hereto." The affidavit of Martinez named specific instances of purported violations of the restraining order. This motion and the supporting affidavit are the contempt charge. *In Re Fullen*, 17 N.M. 394, 128 P. 64 (1912); see *Escobedo v. Agriculture Products Co., Inc.*, 86 N.M. 466, 525 P.2d 393 (Ct.App.1974).

An order to show cause was issued and a hearing date was set. Plaintiffs' attorney moved to vacate the hearing date. The trial court granted the motion. The hearing was subsequently held in November, 1975.

Plaintiffs did not personally attend the hearing. However, their counsel did appear. Counsel announced ready for trial and participated in the hearing. The participation consisted of cross-examining witnesses called by Martinez and argument to the court. Plaintiffs' counsel called no witnesses on behalf of plaintiffs. No objection was made by any one concerning the physical absence of plaintiffs or the sufficiency of service upon them of the order to show cause.

After the hearing, the trial court's order of November 14, 1975 held that Sheldon Lindsey was in contempt on the basis of evidence which "conclusively" showed that he had disobeyed the terms" of the restraining order. The trial court sentenced Sheldon to six months in the county jail; the trial court's order provided that Sheldon could purge himself of the contempt by complying with five items specified in the order. Four of the five items required affirmative action on Sheldon's part and thus contrast with the restraining order which required only that Sheldon refrain from action.

In June, 1976 Martinez moved that Sheldon be incarcerated pursuant to the contempt sentence. This motion alleged that Sheldon had failed to purge himself of the contempt. The motion was supported by the affidavit of Martinez. Sheldon was personally served with a copy of the motion and affidavit, and a copy of the court's show cause order. The transcript indicates that Sheldon was present in person for the evidentiary hearing and that his counsel participated fully in the hearing, including calling witnesses on Sheldon's behalf.

After the evidentiary hearing was concluded, the trial court found that Sheldon had willfully ignored the path outlined to him by which he could purge himself of the contempt of which he had been found guilty." The sentence "heretofore imposed" was ordered to be carried out.

*Type of Contempt*

■ Only one finding of contempt was made; it appears in the order of November 14, 1975. However the sentence, imposed at that time was stayed and Sheldon was given the opportunity to purge himself of the contempt. As of November 14, 1975, was the contempt civil or criminal? We recognize the difficulty in answering this question. *Jencks v. Goforth*, 57 N.M. 627, 261 P.2d 655 (1953); see *Rhodes v. State*, 58 N.M. 579, 273 P.2d 852 (1954). To the extent the trial court's purpose was to secure future compliance with the restraining order, the contempt was civil. The purging provision indicates a civil contempt. To the extent the trial court's purpose was punishment for past violations of the restraining order, the contempt was criminal. The same conduct may justify the court in resorting to both civil and criminal contempt. *State v. Our Chapel of Memories of New Mexico, Inc.*, 74 N.M. 201, 392 P.2d 347 (1964). In this case both civil and criminal contempt were involved.

Sheldon was found in contempt for past violations of the restraining order. He was given a fixed jail term because of those violations. The conditions for purging himself of the contempt and, thus, avoiding the jail sentence provided no remedy to Martinez for the past violations. In these circumstances, a primary purpose was punishment for disobedience and to that extent the contempt was criminal. *State v. Greenwood*, 63 N.M. 156, 315 P.2d 223 (1957).

■ To the extent the contempt was criminal, the contempt hearing and sentence were governed by rules of criminal law. *State v. Greenwood*, supra.

*Notice of the Contempt Charge*

The notice issue involves notice of the contempt charge. No issue as to this was raised during the evidentiary hearing resulting in the contempt decision. The issue was raised, and litigated, at the evidentiary hearing on Sheldon's failure to purge himself of contempt. The transcript at that hearing indicates that Mrs. Lindsey was personally served with notice, but that Sheldon was not personally served. The transcript shows that plaintiffs' counsel re-

ceived notice, that he informed the plaintiffs and advised them not to attend the contempt hearing.

*Momsen-Dunnegan-Ryan Co. v. Placer Syndicate Mining Co.*, 41 N.M. 525, 71 P.2d 1034 (1937) states:

> "If the proceeding be one in criminal contempt, personal service is, of course, necessary and service on defendants' attorney would not suffice."

In a situation such as here, where Sheldon instituted the litigation out of which the contempt arose, why is personal service of the show cause order for contempt required? ". . . [A] proceeding to punish for constructive contempt is the institution of a new proceeding, though arising out of a pending cause and auxiliary thereto. The court would have no jurisdiction and no power to punish without the initiation of the proper proceeding." *State v. Armijo*, 38 N.M. 280, 31 P.2d 703 (1934). ". . . [I]t is essentially a new and independent proceeding in the sense that it involves the determination of new and different issues of fact and law, which may be foreign to the issues in the original action, and results in an entirely different judgment than in the original cause." *State v. Armijo, supra.*

*Brown v. Brown*, 96 N.J.Eq. 428, 126 A.36 (1924) cited in *Momsen-Dunnegan-Ryan Co.*, supra, in support of our quotation from that case, states:

> "Being a separate proceeding, it had to be started de novo, and that required a proper notice; that is, process to compel the defendant's appearance. Such process need not be a writ, but may be an order to show cause, as in this case. . . . And such process must be served within this state to lawfully initiate a proceeding against a person charged with criminal contempt of court."

There was no personal service of process upon Sheldon. What follows from the lack of personal service? Sheldon contends there was a lack of jurisdiction over his person. We look to the Rules of Criminal Procedure for the answer.

Criminal Procedure Rule 14(a) states: "Upon the docketing of any criminal action the court may issue a summons or arrest warrant." The criminal contempt action was docketed when the motion and supporting affidavit were filed. The order to show cause was the functional equivalent of a summons.

Criminal Procedure Rule 15(a) states: "A summons shall be served in accordance with the rules governing service of process in civil actions . . . ." We assume, but do not decide, that notice to Sheldon's counsel would be sufficient service of summons in a civil case. See Civil Procedure Rules 4(a), 4(e), 5(a) and 5(b). We make this assumption because the method of giving Sheldon notice is not a controlling consideration in this case.

Criminal Procedure Rule 15(b) states:

> "(b) FAILURE TO APPEAR. If a defendant fails to appear in person, or by counsel when permitted by these rules, at the time and place specified in the summons, the court may issue a warrant for the defendant's arrest, and thereafter the action shall be treated as if the warrant had been the first process in the action."

The first edition of the Committee Commentary to Criminal Procedure Rule 15 states:

> "Rule 15 allows the court to issue summons in any criminal case. Failure to respond to a summons is not contempt of court. If the defendant fails to respond to a summons, an arrest warrant may be issued pursuant to Rule 14."

Regardless of whether Sheldon was personally served or service was on his attorney, the question of jurisdiction over Sheldon's person depends upon the response made. If there is a total failure to respond, an arrest warrant was authorized. Here there was a response. Although Sheldon did not appear in person, he did appear through his counsel.

Criminal Procedure Rule 15(b) refers to an appearance "by counsel when permitted by these rules". The question is whether appearance by Sheldon's counsel was permitted by the Criminal Procedure Rules.

*Appearance by Counsel*

Criminal Procedure Rule 47 reads:

"RULE 47. Presence of the defendant—Appearance of Counsel

"(a) *Presence Required.* The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and the imposition of any sentence, except as otherwise provided by this rule.

"(b) *Continued Presence Not Required.* The further progress of the trial, including the return of the verdict, shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present:

"(1) voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial); or

"(2) Engages in conduct which is such as to justify his being excluded from the courtroom.

"(c) *Presence Not Required.* A defendant need not be present in the following situations:

"(1) A corporation may appear by counsel for all purposes.

"(2) In prosecutions for offenses punishable by fine or by imprisonment for a term of less than one year, or both, the court, with the written consent of the defendant, may permit arraignment, plea, trial, and imposition of sentence in the defendant's absence.

"(3) At a conference or argument upon a question of law."

Paragraph (b) is not applicable to this case; subparagraphs (1) and (3) of Paragraph (c) are also not applicable to this case.

Subparagraph (2) of Paragraph (c) could be applicable, but is not because of the facts. The trial court did not permit Sheldon's absence nor is there a written consent by Sheldon concerning his absence.

Paragraph (a) is applicable; it provides that the defendant shall be present at the trial and imposition of sentence. Sheldon was not present. Under this paragraph, an appearance by counsel does not suffice; defendant's presence is required.

The appearance by counsel was not permitted under Criminal Procedure Rule 47. This appearance not being a permitted response, there was a total failure to respond to the show cause order, regardless of how it may have been served. Upon defendant's failure to appear, the trial court was authorized to issue an arrest warrant under Criminal Procedure Rule 15(b); however, the trial court was not authorized to try and sentence Sheldon under Criminal Procedure Rule 47 without Sheldon being present.

There was no jurisdiction over Sheldon's person. The order finding Sheldon in contempt is reversed; the cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.