627 P.2d 880

**FIRST NATIONAL BANK OF LEA COUNTY, a national banking corporation, Plaintiff-Appellee,**

v.

**(Troy JULIAN et al.) John Pike, d/b/a Pike's Plumbing and Heating, Defendant-Appellant.**

**FIRST NATIONAL BANK OF LEA COUNTY, a national banking corporation, Plaintiff-Appellee,**

v.

**GARRETT BUILDING CENTERS, INC., Defendant-Appellant,**

**Troy Julian et al., Defendants.**

**Nos. 12741, 12761.**

Supreme Court of New Mexico.

May 7, 1981.

Maddox & Maddox, Don Maddox, John M. Renfrow, Hobbs, for Garrett Bldg.

Williams, Johnson, Reagan & Porter, Hobbs, for plaintiff-appellee.

## OPINION

PAYNE, Justice.

First National Bank of Lea County brought suit to foreclose a mortgage and have all other liens on the mortgaged property declared inferior to its mortgage. The property was sold at a foreclosure sale following the default of the mortgagor, and the monies derived from the sale were paid into the district court pending determination of the priorities of the competing liens.

Troy Julian, a contractor, in order to finance construction of a house, borrowed $40,000 from the bank secured by a mortgage on the building lot. Both before and after the recording of the bank's mortgage, several contractors and suppliers, including Garrett Building Centers, Inc. and John Pike, d/b/a Pike's Plumbing and Heating, delivered materials to the work site. Pike and Garrett were not completely paid for these materials and filed materialmen's liens on the property.

The trial court held that the bank's mortgage prevailed over the liens of both Garrett and Pike. It found that Garrett's lien was defective because of an insufficient corporate acknowledgment. The court ruled that Pike did not have a cause of action because of his failure to properly serve process on Julian with his cross-claim and counterclaim. We affirm the trial court's ruling as it pertains to Garrett's lien and reverse as it relates to Pike's.

### I.

The requirements of corporate acknowledgments in materialmen's liens was

Templeman & Crutchfield, C. Barry Crutchfield, Lovington, for Pike.

thoroughly discussed in our recent opinion of *New Mexico Properties v. Lennox Indus.*, 95 N.M. 64, 618 P.2d 1228 (1980). We adopt the reasoning and analysis of that opinion. The slight differences in language between the liens in the *Lennox* case and the present case do not warrant a different disposition. The corporate acknowledgment on the Garrett lien is insufficient. The lien cannot be treated as a recorded instrument. Therefore, as between the bank and Garrett, the bank has priority. Garrett's claim that the trial court erred in making findings concerning the validity of the lien when the issue was not argued before it is without merit.

## II.

The bank stipulated to the amount, validity and priority of Pike's lien. The only question is whether the failure of Pike to obtain personal jurisdiction over Julian or in rem jurisdiction over the property barred recovery under his lien prior to satisfaction of the bank's claim. Under the facts existing in this case we hold it did not.

The bank filed its complaint against Julian on October 5, 1978, seeking a determination of priorities and a foreclosure of its mortgage. This complaint was personally served on Julian. On December 4, 1978, the bank amended its complaint to specifically include Pike as a defendant. The amended complaint prayed that a receiver be appointed to take possession of the res, consummate the sale of the property and disburse the proceeds to "those parties and in such proportions as the court shall deem equitable." The complaint also listed Pike as a party claiming an interest in the property through a lien, although it did assert that the lien was inferior to the mortgage on which Julian defaulted. Julian's failure to answer the bank's complaint had the effect of admitting the truth of the allegations against him and allowing, as prayed,

that the proceeds be disbursed to "those parties and in such proportions as the court shall deem equitable." Pike answered January 10, 1979, asserting the priority of his mechanic's lien, by counterclaiming against the bank and cross-claiming against Julian. Julian defaulted on the bank's complaint and left the jurisdiction without being served with Pike's cross-complaint. Pike also failed to obtain in rem jurisdiction by publication.

■ The bank argues that Pike cannot participate in the proceeds from the foreclosure sale because his lien has not been properly foreclosed against Julian in accordance with New Mexico law. The bank contends that Pike's lien cannot be foreclosed because he failed to establish jurisdiction by either personal service upon Julian or in rem by publication. We disagree based upon the unique facts of this case. We do not hold that service as provided by N.M.R. Civ.P. 5, N.M.S.A. 1978 (Repl.Pamp.1980) and other rules can be discarded as an essential step in the normal lien foreclosure process. We hold only that based on the complaint to which Julian defaulted in this case there was sufficient basis to allow disbursal of funds to satisfy Pike's lien as being senior to the bank's, before satisfying the mortgage lien.

The foreclosure of Pike's lien without service on Julian did not violate due process. The bank urged us to rule in accordance with *Robertson et al. v. Supply Co.*, 15 N.M. 606, 110 P. 1037 (1910), which held that the foreclosure of a materialmen's lien without service upon the owners of the property violated due process. However, this case is distinguishable. The required elements for due process, as outlined in *Robertson*, are notice and an opportunity to be heard. In *Robertson*, the landowners were "not served with process of any kind." In the present case, Julian, the landowner, was served with both the complaint and the amended

complaint of the bank. The amended complaint contained the following language:

> Plaintiff is informed and believes GARRETT BUILDING CENTERS, INC.; JOHN PIKE, d/b/a PIKE'S PLUMBING AND HEATING ... may claim an interest in the property which is the subject of this suit, but these claims are inferior to plaintiff's mortgage lien and should be declared inferior by the Court.

This was sufficient to put Julian on notice of the claim of Pike. Julian, being both the landowner and the contractor, also had actual knowledge of Pike's claim and knew that Pike had delivered materials to the work site for which Pike had not been paid. Julian had the opportunity to be heard. He needed only to file his answer to the complaint. He chose instead to default and flee the jurisdiction. Since Julian had both notice and the opportunity to be heard, Pike's lien is not barred.

The only issue that would have been resolved in a Pike-Julian suit would have been the validity and amount of the lien. Since both the amount and validity of the lien were stipulated to by the bank, the bank was not prejudiced by Pike's failure to accomplish service of process upon Julian.

The bank's position that Pike cannot share in the proceeds of the sale is inconsistent with the historical character of mechanic's and materialmen's liens. These liens are creatures of statute, remedial in nature and have their basis in equity. *Beck v. Hanson*, 589 P.2d 141 (Mont.1979). *See also Genest v. Las Vegas Masonic B'ld'g Ass'n.*, 11 N.M. 251, 67 P. 743 (1902). It would be contrary to the legislative policy of favoring materialmen's and mechanic's liens to allow them to be defeated by junior lienors simply foreclosing their liens first. Also, it would be inequitable for the court to award the bank foreclosure to the detriment of Pike when the bank has stipulated that Pike's lien was valid and senior to its own. Pike had no duty to do anything as against the bank except to prove the superiority of its lien. Julian is not prejudiced because he, by reason of his default, could not come in and complain if the proceeds are disbursed to the bank. By the same measure he should not be able to complain if some of the proceeds are disbursed to lienholders who have priority to the bank in order to allow the bank to recover on its complaint.

For these reasons we hold that the requirements of due process have been met. Neither the bank nor Julian has been prejudiced. Because of the equitable nature of materialmen's liens, the trial court had the power to allow Pike's lien to be paid. Therefore, we reverse the trial court as to Pike and remand with instructions that the trial court disburse the proceeds from the foreclosure sale to the various lienors according to their priorities.

IT IS SO ORDERED.

FEDERICI and RIORDAN, JJ., concur.

DAN SOSA, Jr., Senior Justice, and JAMES MICHAEL FRANCKE, District Judge, dissent.