660 P.2d 607

In the Matter of John DOE, a Child.

STATE of New Mexico,
Plaintiff-Appellee,

v.

Walter ECHOLS, Contemnor-Appellant.

No. 5865.

Court of Appeals of New Mexico.

Feb. 15, 1983.

Joseph Wm. Reichert, Albuquerque, for contemnor-appellant.

Jeff Bingaman, Atty. Gen., William H. Lazar, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WALTERS, Chief Judge.

During a children's court proceeding, Echols, the guardian of a child alleged to be in need of supervision, was held in contempt and sentenced to serve five days in jail.

He argues four issues on appeal:

1. That the time for taking an appeal was tolled because the contempt was criminal;

2. That the children's court was without authority to enjoin defendant from certain conduct and to enforce the order using the power of contempt;

3. That, even if the court had such authority, it is not exercisable against one who is not a formal party to the proceedings; and

4. The court's use of injunctive power, if existent, was clearly erroneous because not exercised in accordance with N.M.R.Civ.P. 66, N.M.S.A.1978 (1980 Repl.), dealing with restraining orders and injunctions.

A fifth issue, listed in the docketing statement but not briefed, is abandoned. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976). We affirm.

It is necessary to state some underlying facts for an understanding of the appeal.

On March 24, 1982, a petition was filed alleging the child to be in need of supervision because of past instances of conduct, including his running away and physically battling with and disobeying Echols. A copy of the petition was served on Echols.

On April 6 the court issued an order restraining Echols from visiting the child without prior court approval or from removing the child from the county. A hearing was set for April 12 on whether to make the order permanent. Service was made on Echols on April 8.

At the hearing on April 12, Echols was present and represented by counsel. Adequate notice to Echols was acknowledged, as was the propriety of a restraining order, but Echols sought to obtain visitation and, perhaps, an order for joint counseling for himself and the child. The child, on the other hand, said that he did not want any association with Echols. Echols, although denying that he struck the child, and having explained an incident of biting the child, testified that he was willing to abide by a restraining order.

When the hearing concluded, the court ordered that the injunction be made permanent and carefully explained to Echols that he was not to contact the child by any means or in any manner.

On April 20, the children's court attorney petitioned for an order to show cause why Echols should not be held in contempt for following the child, photographing him, observing him through binoculars, and intercepting the vehicle in which he was riding. The matter came on for a hearing on April 21. Following testimony, the court found that Echols had so conducted himself. However, because the permanent injunction ordered after the April 12 hearing had not been reduced to writing and because the restraining order had only prohibited "visiting" the child, no punishment was imposed. Instead, the court proposed to recess the hearing, during which time it would prepare a specific injunction, and it explicitly informed Echols regarding what he was not to do, to all of which Echols agreed. The written injunction, received later that day by Echols, prohibited, among other things, "telephoning, contacting or in any manner at any time being in the vicinity of Mary Bird [the person with whom the child was living] or John Doe," "[e]ngaging in any action or conduct ... aimed or directed at John Doe or Mary Bird," "[a]ggravating, vexing, harassing, [or] molesting ... John Doe or Mary Bird," and communicating with social service employees in an effort to contact Doe or discuss the case.

On May 10, the children's court attorney petitioned for a contempt citation, alleging Echols's violation of the April 21 order. At a hearing on May 11, the State proved that Echols had made phone calls to Mary Bird, to a social worker, and to the operator of a shelter home; that he gave a social worker a letter from himself to the child; and that he parked at the child's school with a message in his car window for the child. The court found Echols in contempt, and ordered Echols to turn himself in at noon the next day to serve a five-day sentence.

On May 19 the court filed a Minute Entry in the case file, noting that it had been brought to his attention that Echols had written what could be construed as a suicide note on May 11. The court thereupon had issued an order and warrant on the

same date to take Echols into custody for a mental evaluation. Echols escaped from the hospital the following day and fled the jurisdiction. In the normal course of events, on June 22, the court adjudicated the merits of the CHINS petition. As part of its order on that adjudication, the court barred contact between Echols and the child. We dismissed Echols's appeal of that order. In the *Matter of Doe, State v. Echols,* No. 5866 (N.M.Ct.App., filed September 23, 1982).

On July 15, Echols moved to reconsider the contempt sentence, offering an apology to the court. Following a hearing, the court denied the motion to reconsider; Echols then filed a notice of appeal from the May 12 judgment of contempt.

### 1. Timeliness of the Appeal.

█ The notice of appeal was filed more than two months after the entry of the contempt judgment. If the contempt was criminal, the rules of criminal procedure apply. *Lindsey v. Martinez,* 90 N.M. 737, 568 P.2d 263 (Ct.App.1977). N.M.R.Crim.P. 54, N.M.S.A.1978 (1980 Repl.Pamph.), provides that the time for taking an appeal is tolled when the trial court fails to advise the defendant at sentencing that he has the right to appeal. There was no such advice given at that time in this case.

The traditional distinction between civil and criminal contempt is stated in *State v. Greenwood,* 63 N.M. 156, 315 P.2d 223 (1957):

The fact that the state is a party to a contempt proceeding is not the conclusive factor in determining whether it is a criminal or civil proceeding. * * * The major factor in determining whether contempt is civil or criminal is the purpose for which the power is exercised. * * * Where the primary purpose is to preserve the court's authority and to punish for disobedience of its orders, the contempt is criminal. Where the primary purpose is to provide a remedy for an injured suitor and to coerce compliance with an order,

the contempt is civil. The polar concepts are "punitive" *versus* "remedial."

Id. at 159, 315 P.2d 223.

The state relies on *Niemyjski v. Niemyjski,* 98 N.M. 176, 646 P.2d 1240 (1982), and *State ex rel. Dept. of Human Services v. Rael,* 97 N.M. 640, 642 P.2d 1099 (1982), to urge that Echols was held in civil contempt. The supreme court held in *Niemyjski* and *Rael, supra,* that contempt for failure to pay child support was civil, primarily because the purposes of contempt punishments in these cases were remedial—to coerce compliance on behalf of the complainant—and also because in such cases the contemnor "holds the keys" to his own prison.

In *Niemyjski,* the question was whether a jail sentence could be imposed for violation of support orders; in *Rael,* it was whether the contemnor had a right to counsel as in criminal prosecutions. Neither of those cases considered New Mexico case law to the effect that one contempt may have elements of both civil and criminal conduct, *State v. Our Chapel of Memories of New Mexico, Inc.,* 74 N.M. 201, 392 P.2d 347 (1964), and that to the extent that the contempt is one or the other, the criminal or civil rules apply. *Lindsey v. Martinez, supra. Niemyjski* and *Rael, supra,* are read, therefore, to apply only to their own facts and holdings.

That this proceeding was at least partially criminal in nature is established by the court's findings in its Order of Contempt that Echols "willfully, contumaciously, obdurately and knowingly" disobeyed the court on "proof beyond a reasonable doubt." He was found in contempt for past violations, and "punished" therefor. Echols had earlier been warned that he was "not going to play with this court," and that if he violated the order, the court would have to "vindicate" its "authority."

This case is governed by the law of *Our Chapel* and *Lindsey, supra.* The contempt was undeniably criminal to some extent, notwithstanding that the judge intended some measure of coercion on behalf of the petitioning party. It is thus controlled by the rules of criminal procedure.

The State argues, alternatively, that even if the Rules of Criminal Procedure apply generally, Rule 54 has no application to this case. That rule provides:

At the time of imposing * * * sentence in a case which has *gone to trial* on a *plea of not guilty,* the court shall advise the defendant of his right to appeal. * * * [Emphasis added.]

The State stresses that defendant did not enter a formal plea of not guilty and that there was not a full-blown jury trial. *See* N.M.R.Crim.P. 40, N.M.S.A.1978 (1980 Repl. Pamph.).

Although this argument appears to express a fastidious concern for the technicalities of Rule 54, an equally careful examination of N.M.R.Crim.P. 21, N.M.S.A.1978 (1980 Repl.Pamph.), discloses that three pleas are provided for: guilty, not guilty, and no contest. Since Echols did not plead guilty or no contest, by process of elimination his plea must have been not guilty. Moreover, adversarial examination of the witnesses would have been totally unnecessary had the matter proceeded on a plea of either guilt or no contest.

A trial is a judicial examination or determination of issues between the parties. *Board of County Com'rs of Quay County v. Wasson,* 37 N.M. 503, 24 P.2d 1098 (1933). It is a proceeding in the court in which the case originated, and it includes the reception of evidence and decision by the court in cases without a jury. *New Mexico State Highway Department v. Bible,* 38 N.M. 372, 34 P.2d 295 (1934).

The rules contemplate non-jury trials, N.M.R.Crim.P. 38(a), N.M.S.A.1978 (1980 Repl.Pamph.), at which many of the procedures comprising the order of trial listed in Rule 40 are inapplicable. The State made an opening statement and submitted evidence. Crim.P.Rules 40(c) and 40(d). The State then rested and the defense declined to submit evidence. Rule 40(g). The State made its closing argument, Rule 40(m), and the defense waived its right to do so. Rule 40(n).

Without question, there was a trial on a plea of not guilty. Accordingly, the proceeding was conducted under the rules of criminal procedure, and the appeal was timely.

### 2. *Power to Restrain and Enforce by Contempt.*

Echols argues that the children's court is a court of limited jurisdiction, *In re Doe III,* 87 N.M. 170, 531 P.2d 218 (Ct.App.1975), and that because the children's court is not specifically granted the power to issue and enforce injunctions in § 32–1–9 N.M.S.A. 1978 (1981 Repl.Pamph.), it was without jurisdiction to do so here.

■ Section 32–1–9, simply enumerates the types of cases over which the children's court presides. The children's court is a division of the district court, whose powers are established by the New Mexico Constitution, and those powers may not be abrogated by statute. *Matter of Guardianship of Arnall,* 94 N.M. 306, 610 P.2d 193 (1980). *See In re Santillanes,* 47 N.M. 140, 138 P.2d 503 (1943). The constitution gives the district courts "original jurisdiction in all matters and causes not excepted by this constitution, and such jurisdiction of special cases and proceedings as may be conferred by law. —* * *" N.M. Const., art. VI, § 13. "[D]istrict courts . . . shall have the power to issue writs of injunction, * * * prohibition and all other writs, remedial or otherwise in the exercise of their jurisdiction * * *." *Id.*

Section 32–1–40(C), N.M.S.A.1978 (1981 Repl.Pamph.), specifically allows the children's court to punish for contempt for disobedience to orders of the court or for obstruction or interference with proceedings or orders. A purpose of the Children's Code is to foster wholesome mental and physical development of children. Section 32–1–2, N.M.S.A.1978 (1981 Repl.Pamph.). The children's court is "vested with broad and inherent powers to accomplish the results contemplated by the statutes under which the action is brought, and to attain a correct resolution of the issues presented." *State v. Doe,* 97 N.M. 263, 639 P.2d 72 (Ct.App.1981).

The court acted within its powers in entering an injunction conducive to the purposes of the Code. N.M. Const., art. VI, § 13; § 32–1–40, *supra.*

### 3. *Jurisdiction over Echols.*

Relying on *Allen v. McClellan,* 77 N.M. 801, 427 P.2d 677 (1967), *overruled on other grounds, New Mexico Livestock Board v. Dose,* 94 N.M. 68, 607 P.2d 606 (1980), it is Echol's position that since he was not a party to the proceeding, the court was without authority to bind him to any order. In *Allen,* an injunction was entered prohibiting certain action of the named defendants, of another named person, and of "all other persons." *Allen* relied upon and quoted *Alemite Mfg. Corp. v. Staff,* 42 F.2d 832 (2nd Cir.1930), which said that " * * * no court can make a decree which will bind any one but a party * * *." The *Staff* case, however, was concerned with issues of personal service and of obtaining one's day in court; it was not decided on the basis of a distinction between parties and nonparties.

■ A court may bind people by order if it has jurisdiction of the parties, jurisdiction over the subject matter, and power to decide the particular matter presented. *See Heckathorn v. Heckathorn,* 77 N.M. 369, 423 P.2d 410 (1967). We have discussed the last two elements in Part 2, above. Jurisdiction over the person of Echols is the remaining element to consider.

■ Jurisdiction over the person embraces due process notions of contact with the State and sufficiency of notice of the action. *Clark v. LeBlanc,* 92 N.M. 672, 593 P.2d 1075 (1979). Both of those considerations may be waived. *See First National Bank of Lea County v. Julian,* 96 N.M. 38, 627 P.2d 880 (1981); *Matter of Johnson,* 94 N.M. 491, 612 P.2d 1302 (1980).

■ Echols waived any complaints he might have had in those respects by his acknowledgment of adequate notice, his agreement that the restraining order should remain in effect, by his request for affirmative relief, and by his failure to object when the order made the injunction permanent.

### 4. *The effect of Rule 66, N.M.R.Civ.P.*

Echols complains that the trial court violated Rule 66, *supra,* in issuing the first restraining order without a verified pleading and in issuing the injunction beyond the 10-day expiration date of the temporary restraining order. In the trial court, Echols moved for reconsideration of the contempt sentence. He argued that the temporary restraining order served the function of a charging document and that without the underlying verified petition the court had no jurisdiction to issue the injunction; and, further, absent timely entrance of an injunction, the court was without jurisdiction to hold defendant in contempt.

■ Our case law holds, contrary to defendant's trial court argument, that the charging document in contempt is the affidavit and petition for an order to show cause. *Lindsey v. Martinez,* 90 N.M. 737, 568 P.2d 263 (Ct.App.1977).

■ Echols abandons the argument here and urges, instead, that the trial court erred in not following Rule 66. A sufficient answer to this contention is that Echols appeared, agreed to the necessity and propriety of an order restraining his conduct, and participated fully in all of the proceedings leading up to the injunction. The essence of Rule 66 is to preclude restriction of one's conduct or activities without first giving notice and a hearing to the one to be restrained. *See State v. First Judicial District Court,* 69 N.M. 295, 366 P.2d 143 (1961). Echols acknowledged notice and was afforded several hearings before the injunction was entered. He cannot now be heard to complain of alleged procedural deficiencies. *See State v. District Court,* 54 N.M. 292, 222 P.2d 609 (1950). This issue is without merit.

The judgment and sentence of contempt are AFFIRMED.

LOPEZ and NEAL, JJ., concur.