13 P.3d 77

2000-NMCA-097

**Robert Wayne BEVERLY, Petitioner–Appellant,**

v.

**Debbi F. BEVERLY, Respondent–Appellee,**

**and**

**Tina Boradiansky, Intervenor.**

**No. 20,102.**

Court of Appeals of New Mexico.

Oct. 10, 2000.

Phyllis H. Subin, Chief Public Defender, Christopher Bulman, Appellate Defender, Santa Fe, NM, for Appellant.

Patricia A. Madrid, Attorney General, Steven S Suttle, Assistant Attorney General, Albuquerque, NM, for State of New Mexico.

*OPINION*

SUTIN, Judge.

{1}   Robert Wayne Beverly (Wayne) appeals his criminal contempt conviction in his divorce proceeding. We reverse.

## FACTS AND PROCEEDINGS

{2}   The district court entered an interim order in December 1995 allocating income and expenses. Wayne was required to pay his wife (Debbi) more than $1400 per month to equalize income, $100 of which was assigned for payment of her attorney fees from the divorce proceeding. In April 1998, the district court made an $18,917 attorney fee award, which Wayne did not pay. In May, Debbi's original lawyer withdrew her representation of Debbi.

{3}   On June 15, 1998, Wayne withdrew approximately $42,000 in cash from a bank account. Ostensibly, $20,000 in small bills was specifically for payment of Debbi's attorney fees. On June 18, he reported $38,000 as stolen from his truck.

{4}   On June 19, 1998, Debbi filed a verified motion for order to show cause why Wayne should not be held in contempt for failure to obey the court's attorney fee order. On the same day, she assigned all her rights and interests in the April order to her first lawyer, who then intervened in the show cause matter. On September 17, 1998, the district court issued an amended order to show cause which was served on Wayne in Texas four days later. On November 2, new counsel entered his appearance for Debbi.

{5}   On November 30, 1998, the district court held a hearing on the order to show cause. Wayne did not appear, though his lawyer was present. Debbi's original lawyer testified that no one had paid her the attorney fees awarded by the April order. Debbi testified that Wayne told her that the money, with which he intended to pay the award, was stolen. A state police agent detailed the investigation of the alleged larceny from Wayne's truck.

{6}   On the testimony of the three witnesses and argument of counsel, the district court adjudged Wayne beyond a reasonable doubt to be in criminal contempt and sentenced him to 179 days in jail. The court also issued a bench warrant for Wayne's arrest.

{7}   Wayne argues that his conviction and sentence are improper. We agree.

## DISCUSSION

{8}   Where a contempt sanction is punitive, not remedial, "the proceeding is one of criminal contempt." *Rhinehart v. Nowlin*, 111 N.M. 319, 326, 805 P.2d 88, 95 (Ct.App. 1990). The contempt here is "criminal" because the trial court sentenced Wayne to an

unconditional, determinate 179 days in jail. *See State v. Helms,* 108 N.M. 772, 773, 779 P.2d 550, 551 (Ct.App.1989). Wayne had no ability to "avoid the sentence imposed on him, or purge himself of it, by complying with the terms of the original order." *Hicks v. Feiock,* 485 U.S. 624, 635 n. 7, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988).

{9} The court had the authority to hold Wayne in criminal contempt for ignoring a direct order. *See State v. Bailey,* 118 N.M. 466, 467–68, 882 P.2d 57, 58–59 (Ct.App.1994). Charged with indirect criminal contempt, i.e., disobedience outside the presence of the court, Wayne was entitled to all procedural rights afforded defendants in criminal proceedings. *See Attorney General v. Montoya,* 1998–NMCA–149, ¶ 5, 126 N.M. 273, 968 P.2d 784. Thus, the New Mexico Rules of Criminal Procedure governed these criminal contempt proceedings. *See Lindsey v. Martinez,* 90 N.M. 737, 739, 568 P.2d 263, 265 (Ct.App.1977).

{10} Rule 5–612(A) NMRA 2000, states that "[t]he defendant shall be present ... at every stage of the trial ... except as otherwise provided by this rule." *See State v. Padilla,* 2000–NMCA–090, ¶¶ 17–20, 129 N.M. 625, 11 P.3d 589 (holding a defendant cannot waive his right to be present at the beginning of his own criminal trial). The proceedings should not have begun without Wayne's presence. *See* Rule 5–612(B). *Cf. Padilla,* 2000–NMCA–090, ¶ 17, 129 N.M. 625, 11 P.3d 589.

{11} Wayne was convicted of indirect criminal contempt completely in absentia. He was present during no stage of the contempt trial against him, even though his lawyer alerted the district court to this procedural defect several times. Appearance by counsel did not suffice. *See Lindsey,* 90 N.M. at 741, 568 P.2d at 267.

{12} The district court was authorized to issue an arrest warrant when Wayne failed to respond to the show cause order. *See id.* at 740, 568 P.2d at 266. Instead, the court improperly commenced and completed the criminal contempt hearing though Wayne was not present.

*CONCLUSION*

{13} We vacate the district court's order adjudicating Wayne in criminal contempt.

{14} **IT IS SO ORDERED.**

ALARID and WECHSLER, JJ., concur.