721 P.2d 1306

Dr. John SMIALEK, State Medical
Investigator, Petitioner,

v.·

Ruth Y. BEGAY, Minnie Conn, Harry
K. Harrison, Rex Harrison and David
Yazzie, Respondents.

No. 16243.

Supreme Court of New Mexico.

July 25, 1986.

Carl J. Butkus, Paul L. Civerolo, Civerolo, Hansen & Wolf, P.A., Albuquerque, for petitioner.

Earl Mettler, Shiprock, for respondents.

## OPINION

WALTERS, Justice.

The only issue raised in the petition for certiorari is the standing of decedent's siblings, respondents, to join their mother, Hanagoni Bitsie, in a suit for damages resulting from an alleged wrongful autopsy of the decedent. The surrounding facts are sufficiently detailed in the opinion of the court of appeals. The trial court dismissed the claims of the brothers and sisters; the court of appeals reversed and reinstated them, holding that they had standing to assert a claim under 42 U.S.C. Section 1983 (1982) against the state medical investigator. We now reverse the court of appeals and affirm the trial court's dismissal of respondent-siblings as party plaintiffs.

42 U.S.C. Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State * * * subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

As petitioner points out for us, the court of appeals opinion addresses the elements of a claim which alleges violation of the constitutional right to free exercise of the Navajo religion. But the opinion avoids answering the question of who has standing to make such a claim within the factual context of this lawsuit. The question of standing focuses on the personal stake in

the outcome of the party seeking relief, and not on the issues he wishes adjudicated. *Flast v. Cohen,* 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

Under the determination of the court of appeals, any family member whose religious beliefs are offended by the conduct of an autopsy would have standing to bring suit and to allege a violation of his constitutional right to the free exercise of his religious beliefs. Such an interpretation, of course, could result in bringing to a halt all medical investigative procedures authorized or mandated by New Mexico law unless and until all family members having any interests in preventing those procedures had had the opportunity to veto the performance of the autopsy, even though all of them may not have had a priority right to claim the deceased's body for burial.

■ The court of appeals apparently equated the right given by statute (NMSA 1978, § 24–12–4(A)(2), (3) and (4) (Repl. Pamp.1981)) to a number of alternative persons to *authorize* an autopsy, with the right of any of those same statutorily-named persons to assert a violation of a personal religious freedom if his consent was not obtained. Indeed, the opinion can be read to include any other potential plaintiffs who allege "an injury to their free exercise of religion" as persons having standing to sue. Chief Justice Burger makes a cogent distinction between absolute "freedom of individual belief" and non-absolute "freedom of individual conduct" in *Bowen v. Roy,* — U.S. —, —, 106 S.Ct. 2147, 2152, 90 L.Ed.2d 735 (1986). The suggestions of the court of appeals would dilute Sections 24–12–4(C) and (D), which give complete authority to the district attorney and to the state medical examiner to order an autopsy in connection with a criminal investigation or upon suspicion of death by a criminal act, or when the cause of death is obscure, whether or not family members concur. Likewise, they seem to avoid any requirement to determine who has the quasi-property right in a dead body, *see Barela v. Frank A. Hubbell*

*Co.,* 67 N.M. 319, 355 P.2d 133 (1960), and in what order of priority, so that the question of standing to assert a Section 1983 claim might appropriately be addressed.

*Barela* recognized the prevailing rule to be that a quasi-property right in a dead body vested in the "nearest relatives" of the deceased. *Id.* at 323, 355 P.2d at 136. That phrase was changed "to nearest relative" in *In re Johnson,* 94 N.M. 491, 494, 612 P.2d 1302, 1305 (1980). In *Infield v. Cope,* 58 N.M. 308, 312, 270 P.2d 716, 719 (1954), the court noted that among the rights of a broader group—"survivors * * in relation to the bodies of their dead"— was the "right to have the body in the condition in which it was left by death, without mutilation."

In *Barela,* the claimants were the mother and father of an unmarried son; in *Infield,* claimant was the widow of the deceased man. Neither case indicates whether the decedent was survived by other "near" relatives; neither case mentioned a claim by other members of the deceased's family. *Johnson* was concerned with disinterment by court order, which was opposed by a surviving son. Other than the broad language in *Barela, Infield* and *Johnson,* we have not found any New Mexico cases, or statutes which establish any order of priorities relating to claims made regarding the rights to the remains of a decedent. The Wrongful Death Act (NMSA 1978, §§ 41–2–1 to –4 (Repl.Pamp.1982)) and Section 45–3–902 of the Probate Code (NMSA 1978, §§ 45–1–101 through 45–7–401), discuss the order of priorities of those claiming benefits for or assets of a deceased's estate, but a Section 1983 claim deals with the claimant's personal right, not the right of the deceased's estate.

In the instant case, the preliminary question of standing of the person or persons attempting to assert a violation of his or their first amendment right to free exercise of religion must be analyzed in accordance with the extent of the right allegedly invaded. Clearly, not all Navajos who embrace the belief that an autopsy is contrary to traditional Navajo religious principles, as

alleged in the complaint, could claim a Section 1983 injury when such an autopsy has been performed. Likewise, even though two of our three New Mexico cases cited speak in the plural of "survivors" and "nearest relatives," there was only one survivor claimant in one case, and claimants were the parents (who had equal nearness of affinity) in the other; and no issue of standing was raised in any case. We think therefore, that the use of the plural in two of those cases was not a deliberate, discriminating use signifying equality of standing in all survivors, but merely one of convenient designation in those cases. *Johnson* correctly identified the property right as one reposing in the "nearest relative."

■ The Wrongful Death Act, the Probate Code, and even New Mexico's statutory article on Disposition of Dead Bodies, NMSA 1978, Sections 24–12–1 to –4 (Repl. Pamp.1981), all establish the order of precedence in "survivor" or "next-of-kin" relationships. Those statutes follow the well-settled sequence of priority and paramount rights from surviving spouse and, in absence of such survivor, thence serially through surviving child, parent, sibling and, inferentially at least, thereafter to the next generation or degree of consanguinity in the same order. Those statutes likewise are persuasive in determining who has the primary right to possession of the body and control of burial, and are in keeping with the generally accepted rules of the order of next-of-kin relationships. *See, e.g.,* extended discussion and collection of cases in *Fuller v. Marx,* 724 F.2d 717 (8th Cir.1984); *Sullivan v. Catholic Cemeteries, Inc.,* 113 R.I. 65, 317 A.2d 430 (1974); *Cohen v.*

*Groman Mortuary, Inc.,* 231 Cal.App.2d 1, 41 Cal.Rptr. 481 (1964).

We hold, therefore, that since, in the absence of a surviving spouse or child of the decedent, the mother was the only proper remaining survivor to claim and bury her son's body, she was the only proper remaining survivor with standing to assert an alleged violation of the free exercise of her religious beliefs. Consequently, without comment on the merits of any claim asserted, we reverse the court of appeals and reinstate the order of the district court dismissing respondents as party plaintiffs.

IT IS SO ORDERED.

SOSA, Senior J., and FEDERICI, J., concur.

RIORDAN, C.J., concurs in result.

STOWERS, J., specially concurs.

STOWERS, Justice, specially concurring.

The only issue before this Court on Certiorari is whether the decedent's siblings have standing to assert a Section 1983 violation of their First Amendment right to free exercise of religion. I concur with the result reached in this Opinion insofar as it relates to that issue. I do not agree with other conclusions reached on other issues not before this Court.