734 P.2d 254

**JoElla Lynn PEMBERTON, a minor, and Sherry L. Pemberton, Guardian and Next Friend of JoElla Lynn Pemberton, Plaintiffs-Appellees,**

v.

**Theresa CORDOVA, a minor, Mr. and Mrs. Pat Cordova, Guardians and Next Friends of Theresa Cordova, Defendants,**

and

**Moriarty Municipal Schools Board of Education, a/k/a Moriarty Municipal Schools, Defendant-Appellant.**

No. 9619.

Court of Appeals of New Mexico.

Feb. 5, 1987.

Joseph Rocca, Law Office of Joseph Rocca, Chester A. Bowerman, Albuquerque, for plaintiffs-appellees.

Terry R. Guebert, Civerolo, Hansen & Wolf, Albuquerque, for defendants Cordova.

Louise Gibson, Butt, Thornton, Baehr, P.C., Albuquerque, for defendant-appellant Moriarty Municipal Schools.

## OPINION

GARCIA, Judge.

This is an interlocutory appeal from an order denying a motion to dismiss defendant Moriarty Municipal Schools. We reverse.

## FACTS

Plaintiffs filed a damage action for personal injuries resulting from an incident where defendant Theresa Cordova, a student, allegedly struck and injured plaintiff JoElla Lynn Pemberton, also a student, while on school property. The suit named both Cordova and Moriarty Municipal Schools as defendants. Defendant Moriarty Municipal Schools argued that it could not be sued under the New Mexico Tort Claims Act, NMSA 1978, Sections 41–4–1 to –29 (Repl.1986). The trial court denied defendant's motion to dismiss because it believed NMSA 1978, Section 22–10–5(D) (Repl.1986), imposed a duty on the school administration that superceded the Tort Claims Act.

## DISCUSSION

The sole issue on appeal is whether Section 41–4–6 provides a remedy for an injured student to sue a school board on the theory of negligent supervision. We hold that it does not.

Section 41–4–2 of the Tort Claims Act provides in part: "[I]t is declared to be the public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act * * *." Additionally, the Act provides, in Section 41–4–4, that governmental entities and public employees, while acting within the scope of their duties, shall be immune from liability for any tort except as waived by the Act. *Begay v. State*, 104 N.M. 483, 723 P.2d 252 (Ct.App.1985) *rev'd on other grounds, Smialek v. Begay*, 104 N.M. 375, 721 P.2d 1306 (1986); *Tompkins v. Carlsbad Irrigation District*, 96 N.M. 368, 630 P.2d 767 (Ct.App.1981). Thus, plaintiffs' cause of action, as against a governmental entity or a public employee, must fit within one of the exceptions to the immunity granted, or it may not be maintained.

Plaintiffs rely on Section 41–4–6, arguing that immunity has been waived. Section 41–4–6 waives immunity for damages resulting from the negligent operation or maintenance of a building. In *Wittkowski v. State Corrections Dept*, 103 N.M. 526, 530, 710 P.2d 93, 97 (Ct.App.1985), we held that when "the injuries alleged did not occur due to a physical defect in a building, the provision is not applicable * * *." *See also Methola v. County of Eddy*, 95 N.M. 329, 622 P.2d 234 (1980). Plaintiffs ask us to expand the scope of the provision to include negligent supervision of students. Where the areas of waiver of immunity are specifically presented, we have no authority to read other exceptions into the statute. *Begay v. State*. To allow plaintiffs to sue under this exception would be to read into the Act language which is not there. This we will not do. *See Carter v. Mountain Bell*, 105 N.M. 17, 727 P.2d 956 (Ct.App. 1986).

■ If no specific waiver of immunity can be found in the Tort Claims Act, plaintiffs' complaint must be dismissed as to the governmental defendant. *See Begay v. State*. Consent to be sued may not be implied, but must come within one of the exceptions to immunity under the Tort Claims Act. *Id., see Redding v. City of Truth or Consequences*, 102 N.M. 226, 693 P.2d 594 (Ct.App.1984). Here, plaintiff's injuries occurred as the result of a third party acting on school grounds. The provisions of the Tort Claims Act grant no specific waiver of immunity for this type of occurrence. *See generally* §§ 41–4–1 to –29. Moreover, plaintiff's injuries were obviously not the result of a defect in the premises pursuant to Section 41–4–6. *See Wittkowski*.

■ Additionally, plaintiffs urged at trial, and the trial court agreed, that Section 22–10–5(D) provided a remedy for plaintiffs notwithstanding the Tort Claims Act. This section requires teachers to "exercise supervision over students on property belonging to the public school." We are not persuaded by this argument. The right to sue governmental entities and public employees is limited to the rights and procedures outlined within the Tort Claims Act. § 41–4–2; § 41–4–4; *Methola*. Since Section 41–4–6 does not allow an injured student to sue on the theory of negligent supervision, sovereign immunity has not been waived.

Thus, the trial court's refusal to dismiss Moriarty Municipal Schools was in error. We reverse and remand with instructions to dismiss defendant Moriarty Municipal Schools from the action.

IT IS SO ORDERED.

ALARID and APODACA, JJ., concur.