Jason SAIS, Plaintiff,

v.

Mark **MALDONADO**, Michael Guillen, Jerome McCabe, Board of County Commissioners of the County of McKinley, and Unknown Persons 1–100, Defendants.

No. CIV 09–473 BB.

United States District Court, D. New Mexico.

July 31, 2009.

Order Denying Motion to Amend Feb. 1, 2010.

William G. Stripp, Ramah, NM, for Plaintiff.

Joel M. Young, Brown Law Firm, Kevin M. Brown, Daniel J. Macke, Albuquerque, NM, for Defendants.

*MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND*

BRUCE D. BLACK, District Judge.

THIS MATTER is before the Court on Plaintiff's *Motion to Remand for Lack of*

*Original Jurisdiction* [doc. 8], and the Court having reviewed the applicable law, finds the Motion must be Denied.

### Facts

Plaintiff, Jason Sais, was detained in the Gallup–McKinley County Detention Center in September 2008. At the time, Defendant Officers Mark Maldonado, Michael Guillen, and Jerome McCabe were employed as corrections officers at the Detention Center. According to Plaintiff, the cell doors at the Detention Center did not lock properly and could be easily opened by inmates. Plaintiff also alleges that Defendants were aware of the fact. At some point on September 23, 2008, Plaintiff left cell 7 to go and talk to Eric Olguin in cell 4.

Plaintiff alleges that Officer Maldonado, with the assistance of Officer Guillen, and without providing any warning, shot Plaintiff nine times in the back, head, and arm with a pepper ball gun. After being shot, Plaintiff returned to his cell. Corrections Officer Knoodle then entered Plaintiff's cell and ordered him to sit down. Plaintiff contends he did not resist and complied with the order. Officer McCabe then entered cell 7 and, according to Plaintiff, pepper sprayed him in the face.

### Legal Claims

Plaintiff captions Count One of his Complaint: *Complaint for Monetary Damages for Personal Injuries Resulting from Battery and a Violation of Constitutional Rights Pursuant to the State Tort Claims Act, NMSA 1978 § 41–4–12.* In this cause of action Plaintiff cites both the Constitution of the United States as well as that of the State of New Mexico.[1] The Board of County Commissioners maintains that these references to the United States Constitution provide this Court jurisdiction pursuant to 28 U.S.C. § 1331 (federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States"). Plaintiff retorts: (1) Plaintiff's complaint recites only one cause of action for a violation of constitutional rights under the State of New Mexico Tort Claims Act, NMSA 1978, § 41–4–12; and (2) Plaintiff is not seeking redress through 42 U.S.C. § 1983. He therefore concludes no federal question is presented within the scope of 28 U.S.C. § 1331. (Plf.'s Mot. Remand p. 1).

### Discussion

It is true that not every citation to federal law is evidence that federal law is the basis of the suit for purposes of federal jurisdiction. *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 813, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Morris v. City of Hobart,* 39 F.3d 1105, 1111 (10th Cir.1994). However, if Plaintiff's right to recover depends on the resolution of a substantial question of federal law, then this Court has a duty to evoke its jurisdiction when requested to do so. *Brown ex*

---

1. Sais alleges:

21. Plaintiff has the right under the *Fourth Amendment to the Constitution of the United States of America* to be secure in his person against an unreasonable seizure.

22. Plaintiff has the right under Section 10 of Article II (Bill of Rights) of the Constitution of the State of New Mexico to be secure in her (sic) person against an unreasonable seizure.

23. Plaintiff has the right under the *Eighth Amendment to the Constitution of the United States of America* to be free from cruel and unusual punishments.

24. Plaintiff has the right under Section 13 of Article II (Bill of Rights) of the Constitution of the State of New Mexico to be free from cruel and unusual punishments.

25. Plaintiff has the right under the *Fourteenth Amendment to the Constitution of the United States of America* to the accorded due process of law before punishment is inflicted. Sais Compl. ¶¶ 21–25 (emphasis added).

rel. *Brown v. Day,* 555 F.3d 882, 894 (10th Cir.2009); *Davoll v. Webb,* 194 F.3d 1116, 1129 (10th Cir.1999). The question, then, is whether Plaintiff's claims necessarily require resolution of a disputed federal question.

■ If Plaintiff had merely cited the Fourth, Eighth, and Fourteenth Amendments as providing rights parallel to those he was seeking to enforce under the New Mexico Constitution, remand might well be appropriate.[2] Plaintiff, however, specifically seeks relief for violations of the United States Constitution. However, Paragraph 35 of the Complaint reads:

> 35. The actions of Maldonado, Guillen and McCabe *deprived Sais of rights secured by the Fourth, Eighth and Fourteenth Amendments* to the Constitution of the United States of America *and* Sections 10 and 13 of Article II (Bill of Rights) of the Constitution of the State of New Mexico.[3] (Emphasis added)

Plaintiff contends that although he may have a federal claim, he is choosing to sue only on his state claim. In essence, Plaintiff is attempting to avoid federal jurisdiction by arguing that because he chose the New Mexico Tort Claims Act as the vehicle for seeking relief for violations of federal law, removal was improper. However, Plaintiff's purported state claim, whatever the vehicle, specifically alleges three violations of the United States Constitution and names the Board of the McKinley County. Indeed, the crux of Plaintiff's Complaint is that the individual

Defendants used excessive force and that the Board of Commissioners failed to train and supervise the officers allegedly responsible for the deployment of force. Under New Mexico state law there is no recognized claim for negligent supervision. *Pemberton v. Cordova,* 105 N.M. 476, 734 P.2d 254 (1987). On the other hand, an essential element of a claim under the Fourth and Eighth Amendments is whether the County was deliberately indifferent to Plaintiff's rights or incorporated such an unconstitutional practice into its custom or policy. *See, e.g., City of Canton v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Olsen v. Layton Hills Mall,* 312 F.3d 1304, 1318 (10th Cir.2002). In other words, Plaintiff has specifically pled a claim, if inartfully, the resolution of which turns on a substantial question of federal law.

#### CONCLUSION

For the above stated reasons, Plaintiff's *Motion to Remand for Lack of Original Jurisdiction* is DENIED.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's motion (Doc. 13) to alter or amend the July 2009 Memorandum Opinion and Order Denying Plaintiff's Motion to Remand (Doc. 12). For the following reasons, Plaintiff's motion is denied.

### Factual and Procedural Background

At all pertinent times, Plaintiff, Jason Sais, was detained at the Gallup–McKin-

**2.** *See, e.g., Pedder v. City of Syracuse,* 2008 WL 5115023 (N.D.N.Y.); *Phillips v. Sacramento County,* 2007 WL 4570838 (E.D.Cal.); *Lilly v. Town of Clendenin,* 2005 WL 2171670 (S.D.W.Va.).

**3.** Whether Plaintiff can enforce such rights without invoking 42 U.S.C. § 1983, which he expressly declines to do, is questionable. *See Phillips, supra,* slip op. 3. Plaintiff should then be allowed the chance to amend and add the necessary reference to § 1983 or delete his reliance on the United States Constitution. *Id.*

ley County Detention Center, where Defendants Maldonado, Guillen, and McCabe served as corrections officers. Averring that he was unnecessarily 1) shot with a pepper-ball gun and 2) pepper-sprayed while at the Detention Center, Plaintiff filed suit against the officers and others (collectively "Defendants") in New Mexico state court. His suit alleges, *inter alia,* violation of his rights under "the Constitution of the United States of America."[1] (Doc. 1, Exh. 2). Defendants removed (Doc. 1), asserting federal-question jurisdiction under 28 U.S.C. § 1331, and Plaintiff sought remand (Doc. 8). In so seeking, Plaintiff argued that, because the vehicle through which he sought redress of the alleged violations of federal law was a single claim under the New Mexico Torts Claims Act ("NMTCA"), this Court lacks § 1331 jurisdiction. This Court denied remand, explaining that, regardless of which vehicle a plaintiff chooses, federal jurisdiction is present when a plaintiff's right to recover "depends on the resolution of a substantial question of federal law." (Doc. 12) (citing *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 813, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) and *Morris v. City of Hobart,* 39 F.3d 1105, 1111 (10th Cir.1994)). As part of its opinion, this Court offered Plaintiff the opportunity to amend his Complaint to either allege a 42 U.S.C. § 1983 action or to "delete his reliance on the United States Constitution." *Id.*

Declining this Court's offer, Plaintiff filed the present motion, styled the "Motion by Plaintiff to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure." Plaintiff contends that, in denying remand, the Court "somehow divide[d]" § 41–4–12 of the NMTCA, "invok[ing] original jurisdiction over the portion of the statute that waives immunity" for deprivation of federal rights and "invok[ing] supplemental jurisdiction over the portions of the statute that concern" state-law-based rights. He further argues that this Court's denial runs counter to the New Mexico legislature's intent in drafting the NMTCA.[2] Defendants, in turn, respond 1) that the issue does not warrant reconsideration and 2) that this Court's previous decision was correct.

### Analysis

The issue presented by Plaintiff's motion is a simple one: Does Plaintiff's suit, which only asserts a claim under the New Mexico

---

1. As this Court noted in its previous Opinion, the Complaint alleges:

    21. Plaintiff has the right under the *Fourth Amendment to the Constitution of the United States of America* to be secure in his person against an unreasonable seizure.
    22. Plaintiff has the right under Section 10 of Article II (Bill of Rights) of the Constitution of the State of New Mexico to be secure in her (sic) person against an unreasonable seizure.
    23. Plaintiff has the right under the *Eighth Amendment to the Constitution of the United States of America* to be free from cruel and unusual punishments.
    24. Plaintiff has the right under Section 13 of Article II (Bill of Rights) of the Constitution of the State of New Mexico to be free from cruel and unusual punishments.

    25. Plaintiff has the right under the *Fourteenth Amendment to the Constitution of the United States of America* to be accorded due process of law before punishment is inflicted.
    \* \* \* \*
    35. The actions of Maldonado, Guillen and McCabe *deprived Sais of rights secured by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States of America* and Sections 10 and 13 of Article II (Bill of Rights) of the Constitution of the State of New Mexico.
    (Doc. 1, Exh. 2 at ¶¶ 21–25, 35) (emphasis added).

2. *See, e.g.,* Doc. 13 at 2 ("[T]he New Mexico legislature saw no need to reference or invoke 42 U.S.C. § 1983.").

Torts Claims Act, require the resolution of a substantial issue of federal law sufficient to confer federal jurisdiction?[3] A review of the relevant jurisprudence indicates that it does.

### Nature of Federal–Question Inquiry

Initially, however, because Plaintiff's motion argues that, in denying remand, the Court is either parsing the New Mexico statute in an unfavorable way or is wrongly ignoring the intent of the New Mexico legislature, it might be helpful to explain why the present issue turns solely on federal law. Under the United States Constitution, federal courts have limited jurisdiction. U.S. Const. Art. III, § 2; *see also, e.g., Merrell Dow,* 478 U.S. at 807–808. Their jurisdiction is defined broadly by the Constitution itself and more specifically by federal statute. *See, e.g., Henry v. Office of Thrift Supervision,* 43 F.3d 507, 511 (10th Cir.1994) ("Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."); *compare* U.S. Const., Art. III, § 2 (extending federal juridical power to, *inter alia,* "[c]ases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority.") *to* 28 U.S.C. § 1331 (discussed *infra*). One basis for federal jurisdiction, relevant here, is commonly termed federal-question jurisdiction and is codified in 28 U.S.C. § 1331. Section 1331 gives federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[4] *Id.*

Because the Constitution and United States Code define the parameters of federal jurisdiction, state legislation—including the construal or intent thereof—plays no role in what cases federal courts can hear. *See, e.g., Marshall v. Marshall,* 547 U.S. 293, 314, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006) ("Jurisdiction is determined by the law of the court's creation and cannot be defeated by the extraterritorial operation of a state statute, even though it created the right of action.") (internal punctuation and citations omitted); *see also, e.g., Markham v. City of Newport News,* 292 F.2d 711, 716 (4th Cir.1961) ("The laws of a state cannot enlarge or restrict the jurisdiction of the federal courts or those of any other state."). Thus, contrary to Plaintiff's assertion, neither the intent of the New Mexico legislature nor the exact the language of the New Mexico statute bear on whether this Court has jurisdiction. *See, e.g., Textile Workers v. Lincoln Mills,* 353 U.S. 448, 470, 77 S.Ct. 923, 1 L.Ed.2d 972 (1957) (Frankfurter, J., dissenting) (defining inquiry as "the degree to which federal law must be in the forefront of the case and not collateral, peripheral, or remote")(cited with approval in *Merrell Dow,* 478 U.S. at 813, 106 S.Ct. 3229); *Markham,* 292 F.2d at 713 ("In determining its own jurisdiction, a District Court of the United States must look to the sources of its power and not to acts of states which have no power to enlarge or to contract the federal jurisdiction.").

---

**3.** Though Defendants raise valid points about the propriety of Plaintiff's motion, the Court chooses to address the substance of Plaintiff's allegations. It does so in hopes of clarifying the basis for federal jurisdiction and preempting more unnecessary briefing.

**4.** Though, as examined *infra,* whether an action "arises under" federal law is not without nuance, it is worth noting at this point that such an inquiry is exclusively federal in nature. *See generally* Patti Alleva, *Prerogative Lost: The Trouble With Statutory Federal Question Doctrine After Merrell Dow,* 52 Ohio St. L.J. 1477 (1991).

Indeed, whether a plaintiff asserts a state-law cause of action—let alone the desires of state legislators—is not dispositive or, for that matter, even particularly important. *Id.* The *relevant* inquiry concerns whether, under the allegations set forth in the Complaint, Plaintiff's recovery depends on the resolution of a substantial question of federal law. *See Grable & Sons Metal Prod. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). More specifically, as stated in *Grable,* "the question is, does a [plaintiff's] state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314, 125 S.Ct. 2363.

### Why Federal–Question Jurisdiction is Present Here

For jurisdiction to exist under the *Grable* test, this Court must find 1) that Plaintiff's claim necessarily raises a disputed, substantial federal issue, 2) that there is a federal interest in having the claim heard in federal court, and 3) that federal jurisdiction is consistent with congressional intent. *Id.; see also, e.g., Gonzales v. Ever-Ready Oil, Inc.,* 636 F.Supp.2d 1187, 1190 (D.N.M.2008).

First, with regard to the existence of a substantial federal issue, the Court is persuaded that Plaintiff's suit, which explicitly asserts violations of the Fourth, Eighth, and Fourteenth Amendments, raises substantial federal issues.[5] In determining whether a federal question is substantial, this Court considers whether resolution of the issue would benefit from "the advantages thought to be inherent in a federal forum." *Id.* at 313. No

federal question is present when the federal issue is 1) wholly insubstantial or obviously frivolous, 2) foreclosed by prior cases which have settled the issue one way or another, or 3) so patently without merit as to require no meaningful consideration. *Nicodemus v. Union Pacific Corp.,* 440 F.3d 1227, 1236 (10th Cir.2006). Here, there is no evidence that Plaintiff's claim is obviously frivolous, foreclosed by prior caselaw, or undeserving of meaningful consideration. Resolution of this matter will likely require thoughtful investigation and analysis of federal constitutional doctrine. This Court cannot, at this point, hazard any guess as to how the Plaintiff's constitutionally based claim will turn out. Accordingly, it finds the federal issue presented to be substantial.

Next, regarding the federal interest implicated by Plaintiff's suit, this Court finds that there is a strong federal interest in having the contours of federal constitutional law considered and resolved by federal courts. Indeed, one impetus for the enactment of the federal-question statute was a desire to ensure that constitutional rights could be vindicated in federal court. *See generally,* F. Andrew Hessick III, *The Common Law of Federal Question Jurisdiction,* 60 Ala. L.Rev. 895, 908 (2009) ("The 1875 Act was one of a number of acts expanding federal jurisdiction that were prompted by the perception in the wake of the Civil War that state courts could no longer be trusted to vindicate federal or constitutional rights, and that federal district courts should be the principal guardians of those rights."); G. Merle Bergman, *Reappraisal of Federal Question Jurisdiction,* 46 Mich. L.Rev. 17, 28 (1947). By enacting § 1331, Congress co-

---

5. Because Defendants deny that any constitutional violations took place (Doc. 14)—and because the dispute over the alleged federal

constitutional violation forms much of the substance of this case—the Court finds that the federal issues are disputed.

dified "the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable,* 545 U.S. at 312, 125 S.Ct. 2363. Deferring to Congress's judgment, this Court recognizes that such claims implicate a sufficient federal interest.

For that same reason, namely the congressional decision that such claims belong in federal court, Plaintiff's suit satisfies the final element of the *Grable* test—that federal jurisdiction is consistent with congressional intent. *Grable,* 545 U.S. at 313. Congress has repeatedly evinced its desire to open federal courts to litigants seeking redress for constitutional violations. *See, e.g.,* 28 U.S.C. § 1343; 42 U.S.C. § 1983. No great leap is required to find that congressional intent extends to Plaintiff's constitutionally based claim.

Because Plaintiff's claim raises a disputed and substantial federal issue, which this Court can entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities, federal-question jurisdiction is present.

### Conclusion

For the foregoing reasons, Plaintiff's motion to alter or amend the Court's Memorandum Opinion and Order Denying Plaintiff's Motion to Remand (Doc. 12) is denied.

### ORDER

A Memorandum Opinion having been entered this date, it is hereby ORDERED that the Motion by Plaintiff to Alter or Amend Judgment Pursuant to Rule 59(e)

of the Federal Rules of Civil Procedure (Doc. 13) be, and hereby is, DENIED.