This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LAWRENCE MONTOYA,**

Plaintiff-Appellant,

v.                                                            **NO. 34,372**

**COLFAX COUNTY SHERIFF'S OFFICE,**
**COLFAX COUNTY CLERK'S OFFICE,**

Defendants-Appellees,

and

**EIGHTH JUDICIAL DISTRICT COURT**
**CLERK'S OFFICE**,

Defendant.


**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Sarah C. Backus, District Judge**

Lawrence Montoya
Raton, NM

Pro Se Appellant

Carlos M. Quinones
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Appellant Lawrence Montoya (Plaintiff) appeals in a self-represented capacity from the district court's ruling that dismisses with prejudice his claims against Appellees Colfax County Sheriff's Office and Colfax County Clerk's Office (collectively referred to as Defendants). [RP 234] Our notice proposed to affirm, and Plaintiff filed a timely memorandum in response to our notice. We remain unpersuaded by Plaintiff's arguments and thus affirm.

{2}     Plaintiff continues to argue that the district court erred in dismissing his claim against the Colfax County Sheriff's Office and the Colfax County Clerk's Office (collectively referred to as "Defendants"). [RP 170, 234] As we discussed in our notice, Plaintiff's suit against Defendants is governed by the New Mexico Torts Claims Act (NMTCA). *See* NMSA 1978, § 41-4-2(A) (1976) (stating, as a matter of public policy, "that governmental entities and public employees shall only be liable within the limitations of the [NMTCA] . . . and in accordance with the principles established in that act"). Under the NMTCA, state governmental entities and public employees acting within the scope of their duties "are granted immunity from liability

2

for any tort" unless the Act provides a specific waiver. *See* NMSA 1978, § 41-4-4(A) (2001). Thus, Plaintiff's claims against Defendants must fit within one of the exceptions to the granted immunity. *See* NMSA 1978, §§ 41-4-5 to -12 (1976, as amended through 2007) (listing specific exceptions). In this case, for the reasons explained in our notice, we agree with the district court that there is no applicable waiver or exception to immunity under the NMTCA as extended to Plaintiff's claims against Defendants. And while a governmental entity in some instances has to defend public employees and pay for any settlement or judgment or for damages when there has been a violation of rights, *see* § 41-4-4(B)&(C) [MIO 1], this is only when there has been a waiver of immunity. Because there is no applicable waiver or exception of immunity in this case, we affirm the dismissal. *See generally Pemberton v. Cordova*, 1987-NMCA-020, ¶ 6, 105 N.M. 476, 734 P.2d 254 ("If no specific waiver of immunity can be found in the Tort Claims Act, plaintiffs' complaint must be dismissed as to the governmental defendant."), *limited on other grounds by Callaway v. N.M. Dep't of Corrections*, 1994-NMCA-049, ¶ 17, 117 N.M. 637, 875 P.2d 393.

{3}     We lastly acknowledge Plaintiff's expressed frustration regarding his experience as a self-represented litigant, as well as his statement that he would like to secure counsel for purposes of settling this case. [MIO 1-2] However, while we view Plaintiff's pleadings with a tolerant eye, he has failed to demonstrate error on appeal,

and is thus not entitled to relief. *See generally Birdo v. Rodriguez*, 1972-NMSC-062, ¶ 6, 84 N.M. 207, 501 P.2d 195 (recognizing that even where the plaintiff is pro se, his pleadings, "however inartfully expressed, must tell a story from which, looking to substance rather than form, the essential elements prerequisite to the granting of the relief sought can be found or reasonably inferred"); *see also Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that "we regard pleadings from pro se litigants with a tolerant eye, but a pro se litigant is not entitled to special privileges because of his pro se status").

{4}    To conclude, for the reasons explained in our notice and discussed above, we affirm.

{5}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK T. KENNEDY, Judge**